B. F. AVERY & SONS ET AL. v. R. M. COLLINS ET AL.

Decided October 15, 1910.

1.—Estoppel—Secret Ownership.

One who places another in the exclusive possession of a stock of merchandise and permits him to hold himself out to the world as the owner thereof and to conduct the business and deal with the goods as if they were his own, can not, by proving the real ownership of the goods, defeat a mortgage taken thereon by one who in good faith believed the person in possession to be the real owner; nor can such person so defeat a claim and lien for rent of the store house in which the business was conducted.

2.—Distress Warrant—Replevy—Conversion—Liability.

The principal and sureties on a replevy bond who by reason of such proceeding obtain possession of and afterwards convert to their own use property seized by virtue of a distress warrant, are liable to the landlord for the value of the goods so converted in case judgment goes against the tenant.

Appeal from the District Court of Navarro County. Tried below before Hon. H. B. Daviss.

*Spence, Knight, Baker & Harris,* for appellants.

*Callicutt & Call,* for appellees.

BOOKHOUT, ASSOCIATE JUSTICE.—This is a suit for rents, aided by distress warrant, instituted in the District Court of Navarro County, Texas, by R. M. Collins as plaintiff, against W. J. Rutledge and B. F. Avery & Sons, Inc., as defendants, the plaintiff seeking to recover the sum of one thousand dollars as rents alleged to be due and to become due under a written lease for plaintiff's store building in the city of Corsicana, Texas.

The distress warrant, issued out of the Justice's Court in the city of Corsicana, was levied upon a large amount of agricultural implements and vehicles, etc. The defendant, B. F. Avery & Sons, replevied the property, giving a replevy bond signed by E. M. Reardon and A. V. Lane as sureties.

By his amended petition the plaintiff sought to hold B. F. Avery & Sons liable for his rents upon a variety of theories and allegations, viz.:

1. That the lease contract sued upon was executed by W. J. Rutledge, under the authority of B. F. Avery & Sons, as their agent, and thereby B. F. Avery & Sons became bound as lessee.

2. That the mercantile business conducted by Rutledge in plaintiff's store building was jointly owned by said Rutledge and B. F. Avery & Sons, and, therefore, that B. F. Avery & Sons were bound for the rents.

3. That B. F. Avery & Sons held out the said Rutledge to the public and to plaintiff as the owner of the mercantile business conducted in the name of W. J. Rutledge in Corsicana, and permitted him to deal with the stock of merchandise placed in plaintiff's store building, in which the business was conducted, as his own, and did not inform the plaintiff

of Avery & Sons' ownership of the goods in controversy which had been levied upon by the plaintiff to secure his rents, and, therefore, that Avery & Sons were estopped from denying that said goods were subject to plaintiff's landlord's lien.

4. That there were in the stock of goods levied upon by plaintiff's distress warrant certain agricultural implements and vehicles which then and there belonged to the defendant, W. J. Rutledge, of the total value of $2787.50; that plaintiff not only had a landlord's lien on those articles of merchandise, but that he also had a mortgage lien thereon executed to him by W. J. Rutledge, and that Avery & Sons had replevied same and has since converted said goods to its own use and benefit, whereby Avery & Sons had become bound to the plaintiff for the amount of the rents sued for.

5. That W. J. Rutledge had given the plaintiff, Collins, a mortgage lien upon all of the goods, wares and merchandise placed in plaintiff's store building, with the knowledge of B. F. Avery & Sons, which thus permitted Rutledge to mortgage said property, and, therefore, that B. F. Avery & Sons was responsible for plaintiff's rents, as Avery & Sons had converted the mortgaged property to its own use and benefit.

6. That W. J. Rutledge and B. F. Avery & Sons, Inc., were partners in the mercantile business conducted in Corsicana prior to the time that the business was carried on in plaintiff's store house under the lease contract sued upon, and also thereafter until the 1st of December, 1903, and, therefore, that B. F. Avery & Sons were liable for plaintiff's rents.

Plaintiff alleged that the lease contract sued upon was executed on the 1st day of October, 1901, for the contract period of three years, to end on September 30, 1904; that the rents were paid under the contract up to the 1st of December, 1903; that the rents were to be paid at the rate of one hundred dollars per month on the first of each month, commencing October 1, 1901, during the contract period; that the rents for December, 1903, were unpaid although due, and the plaintiff sued to recover the rents for December, 1903, and also the rents to accrue for the remaining nine months of the contract period. Plaintiff, therefore, prayed judgment against B. F. Avery & Sons and against said sureties on its replevy bond for the amount of his rents unpaid and to accrue under the lease contract sued upon.

The defendant, Rutledge, made default.

The defendant, B. F. Avery & Sons, answered:

1. By general denial.

2. By plea of *non est factum* in respect to the alleged lease contract sued upon, denying that it had been executed by B. F. Avery & Sons, or by any other person thereunto authorized by it.

3. By plea of *non est factum* in respect to the execution of the mortgage declared upon by the plaintiff, specially denying that such mortgage was executed by B. F. Avery & Sons, or by any other person thereunto authorized by it:

4. By a plea denying the partnership between it and W. J. Rutledge, as alleged by plaintiff, this plea being duly verified.

5. And for further and special answer, the defendant, B. F. Avery & Sons, specially denied that plaintiff's landlord's lien ever attached to any of the goods which this defendant replevied in this suit.

Plaintiff Collins, by supplemental petition, pleaded general denial to the allegations of the answer of B. F. Avery & Sons, and then alleged that B. F. Avery & Sons was the undisclosed principal of W. J. Rutledge in the conduct of the mercantile business conducted in his name in the city of Corsicana; that plaintiff's store building was rented for the benefit of the agent or consignee of Avery & Sons' goods and for the benefit of B. F. Avery & Sons, and, therefore, that B. F. Avery & Sons is responsible to plaintiff as an undisclosed principal and owner of the business. And plaintiff reiterated his allegations to the effect that B. F. Avery & Sons was an undisclosed partner with W. J. Rutledge in the mercantile business conducted under the name of W. J. Rutledge in Corsicana, and reiterated his plea of estoppel against B. F. Avery & Sons, because, as alleged, that B. F. Avery & Sons, by their acts and conduct held out Rutledge as the owner of the entire stock of merchandise placed in plaintiff's store building, and permitted Rutledge to advertise the business and to sell the merchandise as his own, and permitted and directed Rutledge to rent plaintiff's building, or any building which he desired, as the place in which to store and keep the merchandise for sale and storage for the use and benefit of B. F. Avery & Sons; and because, as alleged, Avery & Sons led the plaintiff to believe that Rutledge was in fact the owner of the mercantile business and entitled to make the rental contract with the plaintiff, and to give the plaintiff the landlord's lien and mortgage lien upon the goods placed in plaintiff's building to secure the rents according to the terms of the lease contract; that B. F. Avery & Sons, as alleged, well knew that Rutledge was conducting said business in his own name and was in exclusive possession thereof, and knew that he had contracted the liens in favor of Collins upon the goods stored in plaintiff's building, and failed to inform plaintiff of Avery & Sons' interest in the property and business, and that plaintiff, Collins, in making his rental contract sued upon, did so in good faith, with the belief that he was obtaining a first and superior lien and mortgage upon all of the goods and merchandise placed in his store building.

Plaintiff reiterated his allegations to the effect that B. F. Avery & Sons were conducting the mercantile business under the name of W. J. Rutledge in Corsicana, and was an undisclosed principal and owner of the business, and as such became liable to plaintiff for the rents sued for.

Defendant, B. F. Avery & Sons, filed a supplemental answer by way of replication to the plaintiff's supplemental petition, containing a general denial thereof.

The suit was tried before the court and jury, resulting in a verdict and judgment in favor of plaintiff, Collins, against both the defendants,

W. J. Rutledge and B. F. Avery & Sons, and also against the bondsmen, A. V. Lane and E. M. Reardon; for the sum of seven hundred and six and 85/100 dollars.

In their first assignment of error appellants complain that the trial court erred in paragraph 2 of his charge to the jury, by which the jury was instructed to find their verdict for the plaintiff against the defendant, B. F. Avery & Sons, if the jury believed from a preponderance of the evidence that defendant Rutledge owned the $2787.50 worth of goods described and inventoried in the plaintiff's pleading and if the jury believed that he, Rutledge, had the right to and did mortgage said goods to plaintiff, because there is absolutely no proof to justify such a charge. It is insisted that there is no evidence whatever that defendant Rutledge owned the said goods or any part thereof, nor is there any evidence that Rutledge owned any of the merchandise levied upon by plaintiff's distress warrant and sequestration, but, on the contrary, the plaintiff, by the testimony introduced in his behalf, proved that said merchandise did not belong to Rutledge in whole or in part.

W. J. Rutledge testified that he commenced business handling the goods of B. F. Avery & Sons, September 8, 1900, under a written contract with said B. F. Avery & Sons, by which he was to handle the goods of B. F. Avery & Sons which had theretofore been in the possession of one, Sam Allen, and that he was to handle the business as though he were the real owner thereof. He stated that the business was run in his name, and his sign was "W. J. Rutledge," and there was no indication that B. F. Avery & Sons owned any of the goods or owned the business, while in fact the entire business was owned by B. F. Avery & Sons. Rutledge advertised the business as his own through the newspapers and otherwise, and Stanley Crabb, the general agent and manager of B. F. Avery & Sons, knew all these facts. B. F. Avery & Sons paid the entire expense of running the business while in the Hardy-Peck building and sent to Rutledge monthly $250 for that purpose. Before the execution of the lease with plaintiff for his building Rutledge had a talk with the general agent of B. F. Avery & Sons in regard to moving out of the Hardy-Peck building and renting and moving into the plaintiff's building, and stated to him that Hardy & Peck objected to his moving out of their building unless their rent was paid in full or guaranteed. In the contract for the rental of plaintiff's building the plaintiff Collins assumed the balance due as rent to Hardy & Peck. This contract between Collins and Rutledge was submitted to Stanley Crabb, the general agent of B. F. Avery & Sons, before it was signed by the parties, and was approved by him. After the execution of this rental contract Rutledge moved the goods out of the Hardy-Peck building to the Collins building. Rutledge was then in exclusive possession of plaintiff's building and all the goods, and dealt with and handled the goods as his own, selling for cash and on time, taking notes and mortgages payable to himself and filing the mortgages in the county clerk's office and making reports to Avery & Sons. He kept the bank account in his own name.

Property to the value of $2787.50, that was levied upon under the distress warrant in this case, was a portion of the goods which were in the stock that was transferred from the Hardy-Peck building to plaintiff's building, and on which Rutledge gave a mortgage to plaintiff in addition to the landlord's lien. The evidence shows that B. F. Avery & Sons owned the entire business and ran it in the trade name at Corsicana of W. J. Rutledge and that it was held out to the general public that Rutledge was the owner of the entire business. Rutledge handled practically no other goods. It seems that if B. F. Avery & Sons were the real owners of the goods, they were the secret owners thereof and of the business, and Rutledge was the ostensible owner.

R. M. Collins, plaintiff, testified that he knew Mr. Rutledge and knew that he was running a business in the Hardy-Peck building. That after the rental contracts between Rutledge and himself were drawn up, Mr. Rutledge took his duplicate copy away to examine it and that in two or three days afterwards he and Mr. Rutledge went back to the law office of Callicut & Call, and signed the same; that nothing was said at the time about B. F. Avery & Sons owning the mercantile business or owning the goods which Rutledge was to place in the plaintiff's building, but that Mr. Rutledge's name was displayed over the front of the plaintiff's building, and that he had no knowledge of any contract between B. F. Avery & Sons and Rutledge by which Avery & Sons retained the ownership of these goods; that the first time that he knew that B. F. Avery & Sons had any claim on the goods was at the time it attempted to move them away on the 3rd day of December, 1903, when he sued out the distress warrant and levied upon the goods which were being taken from his building; that the balance due on his rent contract was one thousand dollars and that he had only succeeded in collecting of that amount $439 up to the time of the expiration of the contract.

No reversible error is pointed out in the charge complained of. The testimony shows that Rutledge was in exclusive possession of the stock of goods in the Hardy-Peck building, handling the same in his own name, and that Collins believed that Rutledge owned the goods as well as the other goods which B. F. Avery & Sons furnished and sold him thereafter. Under the undisputed facts, so far as the plaintiff is concerned, Rutledge was the owner of these goods, and as plaintiff in good faith believed that Rutledge had the right to mortgage them and did mortgage them to secure the rents due by Rutledge to plaintiff, the charge of the court as given to the jury was not harmful to appellants.

If it be conceded that B. F. Avery & Sons were in fact the real secret owners of the goods levied upon under the distress warrant, yet, the undisputed evidence showing that B. F. Avery & Sons had placed the exclusive possession of these goods with Rutledge, and permitted Rutledge to hold himself out as the owner thereof, the court would have been justified in giving a peremptory charge to the jury to find for the plaintiff in the amount of the judgment recovered. Kempner v. Huddle-

ston, 90 Texas, 182; Westbrook v. Guardian, 3 Texas Civ. App., 406, (22 S. W., 59).

If Collins, believing and relying on Rutledge being the owner of the goods, in good faith took a mortgage thereon, and the officer levied the distress warrant thereon and Avery & Sons replevied the goods and converted them, said Avery & Sons and the sureties on the replevin bond became liable for the value of the goods so converted, which the undisputed evidence shows was largely in excess of the claim of Collins for rent.

Again, error is assigned that the trial court erred in paragraph 4 of his charge to the jury, whereby the jury was instructed that they might find their verdict against B. F. Avery & Sons if they believed that said defendant furnished to and placed defendant Rutledge in possession of the goods and merchandise on consignment, and the defendant by acts and construction held him out as the owner thereof, because: (1) There is no evidence that defendant, B. F. Avery & Sons, did hold Rutledge out as the owner of its goods herein in controversy. (2) Said defendant, B. F. Avery & Sons, would not become liable because it placed Rutledge in possession of its goods and merchandise on consignment, and in the absence of any evidence that defendant held Rutledge out to plaintiff and the public generally as the owner of such merchandise.

It is further contended that the trial court erred in charging the jury, in effect, to find their verdict against B. F. Avery & Sons if the jury believed that defendant Rutledge was in possession of the property in controversy and had the apparent right to control it as the apparent owner thereof, and if plaintiff relied upon his apparent ownership of said property in making his rental contract with Rutledge, because B. F. Avery & Sons had the right to place its goods on consignment with defendant Rutledge, and although he might appear to be the owner thereof, yet this would not give plaintiff the right to subject said property to the payment of his rents under his rental contract with Rutledge.

These assignments are overruled. The error, if any, in giving these charges furnishes no ground for reversing the judgment. As previously stated, the appellant had placed the goods in the actual possession of Rutledge, and knowingly allowed him to hold himself out to third parties as their owner, and the appellee Collins having taken a mortgage on the goods believing in good faith that Rutledge was the owner of the goods and had authority to dispose of the same, the appellant is estopped now to dispute Rutledge's apparent title. See authorities above cited.

We have examined the assignments of error not discussed, and because we are of opinion no reversible error is pointed out therein the same are overruled.

Finding no reversible error in the record the judgment is affirmed.

*Affirmed.*