## WILKIRSON v. BRADFORD.

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 25, 1913.)

1. TROVER AND CONVERSION (§ 11*)—CONVERSION OF NOTES.

When notes were delivered to a contractor in consideration of his agreement to erect a house for the owner, and pay him a certain sum, and to buy the material of a lumberman who knew of the agreement, and the contractor without performing the agreement transferred the notes to the lumberman, the latter was not liable as for conversion by refusing to deliver the notes, and appropriating them to his own use and benefit.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 95–98; Dec. Dig. § 11.*]

2. TRIAL (§ 251*)—INSTRUCTIONS—APPLICABILITY TO PLEADING.

In an action for conversion of notes delivered to a building contractor for work not performed, and transferred by him to defendant, it was error to charge that defendant was liable if he signed the building bond, and had not repudiated it, when no such liability was declared on in the petition.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. § 251.*]

3. TRIAL (§ 252*)—INSTRUCTIONS—APPLICABILITY TO EVIDENCE.

It is error to give a charge when there is no evidence on which to base it.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

4. EVIDENCE (§ 314*)—HEARSAY.

It was error to admit hearsay evidence of a defendant where he was in default, and the only effect thereof would be to bind his codefendant, who was not a party to the conversation.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1168–1173; Dec. Dig. § 314.*]

5. INTEREST (§ 38*) — RATE — JUDGMENT FOR CONVERSION OF NOTES.

An action for conversion of notes is not an action based on them, so that judgment for plaintiff would bear the same rate as the notes, pursuant to Rev. Civ. St. 1911, art. 4981, and a judgment providing for interest in excess of 6 per cent., the rate provided thereby for judgments in general, violates such section.

[Ed. Note.—For other cases, see Interest, Cent. Dig. §§ 79–82; Dec. Dig. § 38.*]

Appeal from District Court, Nolan County; Jas. L. Shepherd, Judge.

Action by J. A. J. Bradford against O. L. Wilkirson and another. From a judgment for plaintiff, defendant Wilkirson appeals. Reversed and remanded for another trial.

E. J. Hamner and Geo. T. Wilson, both of Sweetwater, for appellant. Beall & Beall, of Sweetwater, for appellee.

SPEER, J. J. A. J. Bradford sued O. L. Wilkirson for the title and possession of four vendor's lien notes amounting to $4,000, and, in the alternative, for the value of said notes as for a conversion. One L. H. Thomas was also joined as a defendant, but did not answer, and judgment by default was rendered against him. Wilkirson answered, and the case was tried before a jury resulting in a verdict and judgment in favor of the plaintiff, and the defendant has appealed.

The substance of appellee's case is that he had contracted with one L. H. Thomas doing business as Thomas & Co. for the erection of a certain store building in the town of Sweetwater, whereby Thomas was to furnish all the materials and labor, for which appellee was to deliver to him the four notes for $1,000 each; Thomas agreeing to repay to him the sum of $350 upon the completion of the building. It was alleged that the material for the building was to be purchased from Wilkirson's lumber yard upon an agreement between Thomas and Wilkirson that the latter was to take the vendor's lien notes in controversy in settlement of the material bill. It was also alleged that Wilkirson knew of the building contract between appellee and Thomas, and undertook to furnish the material necessary for the construction of the building, and to that end had accepted the notes from Thomas, and furnished a part of the materials, when without excuse he refused to furnish other materials needed, thereby causing Thomas to breach his contract with appellee, and also refused to return the notes to appellee al-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

though demand was made for same, but has converted them to his own use. Defendant Wilkirson answered, among other things, an estoppel against plaintiff, in that he had declared to this defendant that he had no interest whatever in the notes, but that Thomas owned them and could do as he pleased with them, whereupon the defendant accepted the said notes from Thomas as collateral security for another debt owing by Thomas to Wilkirson.

[1] The court thus submitted appellant's liability: "If you find and believe from the evidence in this case that plaintiff delivered to Thomas & Co. four vendor's lien notes for $1,000 each, and that in consideration therefor Thomas agreed to pay plaintiff $350 in cash, and erect a house for plaintiff in Sweetwater, Tex., and furnish all materials therefor, and that said material was to be purchased from Wilkirson lumber yard, and you believe that Wilkirson, or his duly authorized agent, knew of the contract aforesaid between Thomas & Co. and plaintiff, and you further find and believe from the evidence in this case that Thomas failed to erect the building and furnish materials therefor, and transferred said notes to Wilkirson, and said Wilkirson refused to deliver said notes to plaintiff and has appropriated same to his own use and benefit, then you will find for plaintiff for the value of the four vendor's lien notes in the sum of $4,000, with interest thereon from November 17, 1911, to the date of your verdict." The facts submitted in the above charge are all practically undisputed, and the court might as well have given a summary instruction to find for appellee. These facts would not authorize a recovery by appellee. It may be conceded, as it was true, that appellee had a contract with Thomas, by which Thomas was to furnish the material for and to construct a store building for appellee for the four notes in controversy less $350, and that the materials were to be purchased from Wilkirson, and that Wilkirson knew of such contract, and that Thomas failed to erect the building and furnish the materials, but transferred the notes to Wilkirson, who refused to deliver them to plaintiff and appropriated them to his own use, and yet he would not be liable to appellee simply because the title to the notes had passed to Thomas, who, in turn, could transfer them lawfully to appellant upon consideration satisfactory to them. A most liberal interpretation of appellee's petition would make a case wherein he alleges that the title to his said notes was not to pass to Thomas until the completion of the building according to the contract, and that appellant, knowing of this reservation, had converted the notes, or that upon Thomas' failure to comply they had voluntarily rescinded the contract, of which rescission appellant had full notice, and after which he had converted the notes. We express no opinion as to the sufficiency of the evidence to support either of these theories, but do hold that the charge above quoted incorrectly authorized a verdict for appellee upon facts which would create no legal liability.

[2] On the issue of estoppel the jury were instructed as follows: "In regard to the question of estoppel pleaded by the defendant Wilkirson against the plaintiff herein, you are instructed that should you believe from the evidence that in the conversation between the plaintiff Martin Bradford and Pitts (Bradford and Pitts being employés and agents of Wilkirson) on or about the 4th day of July, 1910, plaintiff J. A. J. Bradford stated to the said Martin Bradford and the said Pitts that he had transferred the notes in question to L. H. Thomas, and that he did not intend to have anything further to do with them, and that L. H. Thomas could dispose of them as he pleased, yet if you further believe from the evidence that at the time of the said conversation, said O. L. Wilkirson was in possession of said notes, and that he, or his agents, were in possession of and had knowledge that the notes in question had been delivered by J. A. J. Bradford to L. H. Thomas or L. H. Thomas & Co. for the special purpose of erecting on the property of the said plaintiff a business house in the town of Sweetwater, and that said house was to be completed and turned over to the said Bradford by the said L. H. Thomas in consideration of said notes, less $350, which the said Thomas was to pay to the said Bradford, and should you further believe from the evidence that the name of said O. L. Wilkirson was signed to the bond given by L. H. Thomas, or L. H. Thomas & Co. to the said J. A. J. Bradford for the completion of said building, and if you further believe that the said O. L. Wilkirson had not at the time of said conversation repudiated said bond, and that said O. L. Wilkirson and his agents had knowledge of the facts and circumstances surrounding the possession and disposition of said notes, then you are instructed that the plaintiff would not be estopped to claim possession and ownership of said notes in this suit." This charge it will be seen, which was given at the request of appellee, practically repeats the vice of the charge last quoted, with the additional error that it makes appellant liable if he had signed the building bond given by Thomas to Bradford, and had not repudiated it when no such liability was in the petition. The bond was not declared on in any manner.

[3] The contract of hypothecation by which Thomas turned over to appellant the notes in controversy to secure a debt for materials other than those going into the construction of appellee's house was dated July 15, 1910. The conversation had between appellant's agents and appellee, and on which appellant's plea of estoppel was

predicated, occurred July 4, 1910. Upon this plea the court further instructed the jury that if between those dates appellee made known to appellant or his agent that he did not claim the notes in controversy, and demanded possession of them, then the plea of estoppel would not be maintained. This, too, was error as pointed out by appellant, for the reason there was no evidence upon which to base such a charge. Appellee does testify that the next conversation he had with appellant's agents in which he claimed the notes was about the 10th, 12th, or 13th of July, but other parts of his testimony show unmistakably that this conversation occurred after the execution of the contract of July 15th.

[4] We think, also, the court erred in admitting the hearsay evidence of Thomas detailed by appellee. Thomas, as already stated, had made default, and the only effect of the introduction of such testimony would be to bind appellant, who was not present, and who was in no sense a party to the conversation.

[5] The judgment as entered also violates article 4981, Revised Statutes 1911, because it provides for interest in excess of 6 per cent. This is not an action based on the notes, so that the judgment would bear the same rate of interest as the notes themselves do.

For the errors discussed, the judgment is reversed, and the cause remanded for another trial.