The appeal will be dismissed for reasons above given.

JONES v. STATE.    (No. 4881.)

(Court of Criminal Appeals of Texas.    Feb. 6, 1918.)

Appeal from District Court, Wood County; J. R. Warren, Judge.

Isadore Jones was convicted of forgery and he appeals. Affirmed.

E. B. Hendricks, Asst. Atty. Gen., for the State.

PRENDERGAST, J.    This is an appeal from a conviction of forgery with the lowest punishment assessed. But there are no statement of facts nor any bills of exceptions, and no question is raised which can be reviewed in the absence of these.

The judgment is affirmed.

RUFFIN v. STATE.    (No. 4838.)

(Court of Criminal Appeals of Texas.    Jan. 23, 1918.)

Appeal from Criminal District Court, Dallas County; Robt. B. Seay, Judge.

Orin Ruffin was convicted of theft, and appeals. Affirmed.

E. B. Hendricks, Asst. Atty. Gen , for the State.

PRENDERGAST, J.    This is an appeal from a conviction for theft from the person, with no statement of facts and no bill of exception. In the absence of these there are no questions raised which can be reviewed.

The judgment is affirmed.

Ex parte RUSSELL.    (No. 4901.)

(Court of Criminal Appeals of Texas.    Jan. 30, 1918.)

Appeal from District Court, El Paso County; W. D. Howe, Judge.

Habeas corpus on behalf of W. G. Russell to obtain bail. Bail was refused, and relator remanded to custody, and he appeals. Reversed, and bail granted.

Hudspeth & Harper and Lea, McGrady & Thomasson, all of El Paso, and W. H. Bledsoe, of Lubbock, for appellant.    E. B. Hendricks, Asst. Atty. Gen., for the State.

DAVIDSON, P. J.    Under an indictment charging relator with the murder of Charles Qualey he was arrested, and resorted to a writ of habeas corpus for the purpose of obtaining bail. Upon the trial the trial judge refused to grant him bail, and remanded him to custody.

A review of the facts in the case induces us to believe that the case is bailable, and the court was in error. There are some legal questions raised, but we deem it unnecessary to review them. In the light of the testimony, after a careful revision, we are of opinion that relator is entitled to bail, which is granted and fixed in the sum of $25,000. Upon the execution of the bond in the terms and under the requirements of the law, the officer having him in charge will approve the bond and release him from custody.

Reversed, and bail granted.

WILKIRSON v. BRADFORD.    (No. 8732.)

(Court of Civil Appeals of Texas.    Ft. Worth. Nov. 17, 1917.    On Rehearing, Dec. 22, 1917.)

1. PLEADING ⬤⟞8(21) — CONCLUSIONS — KNOWLEDGE.

In action for conversion of notes, where plaintiff alleged that he never parted with title to the notes, and that defendant knew such fact, and also knew plaintiff's purpose in transferring the notes to a third person, and that defendant in collecting the notes knowingly perpetrated a fraud upon plaintiff, the allegations were mere conclusions of the pleader.

2. TROVER AND CONVERSION ⬤⟞11—PURCHASE FROM PERSON OTHER THAN OWNER.

Where notes were delivered to a contractor in consideration of his agreement to build a house and pay the owner a certain sum and to buy the material of a lumberman who knew of the agreement and who signed the contractor's bond in the absence of allegation that the lumberman did not intend to perform his contract, and that he executed it with the fraudulent purpose of inducing plaintiff to transfer the notes, plaintiff could not recover from the lumberman after he converted the notes.

3. BILLS AND NOTES ⬤⟞337—INNOCENT PURCHASERS—LIABILITY.

Where plaintiff absolutely transferred notes to contractor, who agreed to build a house for plaintiff, and the contractor transferred them to

a lumberman before maturity, and the notes were negotiable, and plaintiff's transfer was by written indorsement, and the lumberman purchased the notes believing in good faith that the contractor had title and converted the notes after having taken initial steps to fix a materialman's lien on the property from which he desisted after taking the notes, he was an innocent purchaser, and not liable to the owner.

On Rehearing.

4. APPEAL AND ERROR ⬤⟳1039(1)—HARMLESS ERROR.

Though the court erroneously held that the pleadings were insufficient, the error was harmless, where the evidence failed to support the theory upon which the pleadings were based.

Appeal from District Court, Nolan County; W. W. Biall, Judge.

Suit by J. A. J. Bradford against S. H. Thomas and O. L. Wilkirson. Judgment for plaintiff, and defendant Wilkirson appeals. Reversed and rendered. On rehearing. Motion for rehearing overruled.

See, also, 154 S. W. 691.

Geo. T. Wilson and Ed J. Hamner, both of Sweetwater, for appellant. Beall & Douthit, of Sweetwater, for appellee.

DUNKLIN, J. J. A. J. Bradford employed L. H. Thomas, a contractor, to erect a building on a lot owned by Bradford. Thomas agreed to furnish the labor and materials necessary to complete the building. Bradford agreed to transfer to Thomas four vendor's lien notes for the principal sum of $1,000 each, and, as the agreed value of those notes was $350 in excess of the contract price to be paid for the building, Thomas agreed to pay to Bradford the amount of such excess in money. At the time the building contract was entered into the vendor's lien notes were transferred to Thomas by Bradford's written indorsement thereon; in other words, the agreed consideration for the building and $350 in excess thereof was paid to Thomas in advance of the work to be performed. Contemporaneously with the execution of that contract, O. L. Wilkirson, who was the owner of a lumber yard, contracted and agreed with Thomas to sell to him the material necessary to construct the building, in consideration of the transfer to him of the notes which Bradford assigned to Thomas, and after Thomas received the notes from Bradford he did transfer the same to Wilkirson in accordance with the terms of that agreement, and later Wilkirson collected the notes in full and appropriated the proceeds thereof to his own use. Thomas proceeded with the work of construction, and, after using building material purchased from Wilkirson of the aggregate value of $1,335.25, breached his contract with Bradford, who thereupon was compelled to finish the building under other arrangements.

Bradford instituted this suit against Thomas and Wilkirson to recover the title and possession of the vendor's lien notes so transferred to Thomas, and, in the alternative, to recover a judgment for their value. A judgment was rendered in plaintiff's favor for the value of the notes less the value of the material that was furnished by Wilkirson, and Wilkirson has appealed. The decision of this court on a former appeal of the same case is reported in 154 S. W. 691.

The theory upon which plaintiff sought a recovery was that the title to the notes which were transferred to Thomas never passed, but remained in plaintiff, and that Wilkirson was liable for the value thereof because he had converted them to his own use with knowledge that the title thereto remained in plaintiff. But there is neither pleading nor proof that there was any understanding between plaintiff and Thomas that there was any reservation of title in plaintiff at the time the notes were transferred by him to Thomas. On the contrary, according to the allegations and uncontroverted proof, it was understood and agreed between plaintiff and Thomas that such transfer would vest in Thomas the full and complete title to the notes. There was also a total absence of any allegation of proof that plaintiff was induced to transfer the notes to Thomas by any misrepresentation of fact, either by Thomas or Wilkirson.

The allegations contained in plaintiff's pleadings as a basis for a recovery against Wilkirson were substantially·that prior to the transfer of the notes to ·Thomas Wilkirson had agreed with Thomas to furnish all the material necessary to construct the building, in consideration of a transfer to him of the notes in controversy whenever Thomas should acquire the same from plaintiff; that Wilkirson, through his agent, then informed plaintiff of such agreement with Thomas; that such representations by Wilkirson's agent were made to induce, and did induce, plaintiff to transfer the notes to Thomas, and after such transfer, and after Thomas in turn had transferred them to Wilkirson, the latter failed and refused to furnish to Thomas material sufficient to construct the building in accordance with the terms of his contract with Thomas, and that by reason of such failure Thomas had been unable to comply with his contract for the construction of the building.

[1] After alleging a history of the transactions between all the parties, plaintiff further alleged that he had never really parted with his title to the notes, but at all times had been the true and legal owner thereof, and that that fact was known to Wilkirson, who also knew plaintiff's purpose in transferring the notes to Thomas, and that in collecting the notes and appropriating the proceeds thereof to his own use Wilkirson had knowingly perpetrated a fraud upon the plaintiff. Such allegations were mere conclusions of the pleader from the facts already alleged which did not warrant, nor was there any proof to warrant, either the conclusion

that plaintiff had never parted with title to the notes, nor the further conclusion that Wilkirson had practiced a fraud upon plaintiff which would authorize a recovery from him for the value of the notes.

At the time plaintiff executed the contract with Thomas, the latter also gave to him a bond conditioned that Thomas would perform his obligations expressed in the building contract. Wilkirson's name was signed to the bond as a surety, by Bolling, one of his employés. Wilkirson furnished to Bradford lumber in an amount exceeding the amount realized from the collection of the notes, but all of it, except $1,335.25 worth, was used by Thomas in the construction of another building owned by persons other than Bradford. After such sales, Wilkirson, in a letter to Bradford, notified him of such sales, and inquired whether or not Bradford claimed any title to the notes which he had transferred to Thomas, and further stated, in effect, that unless Thomas owned the notes he (Wilkirson) would take steps to fix a statutory furnisher's lien on the property in which the material had been used. Bradford replied by letter saying, in effect, that he had paid Thomas the full contract price for the building, and owned no interest in the notes and forbidding Wilkirson to place any lien on his property and thereby clouding his title, stating further that he would look to Wilkirson as surety on the bond given by Thomas, for the faithful performance by Thomas of his building contract. Immediately upon receipt of that letter Wilkirson again wrote Bradford, saying that Bolling had no authority to sign his name to the bond, and that he repudiated the same. Wilkirson, who up to that time was holding the notes in controversy as collateral security only for the amount owing to him by Thomas for the lumber furnished him, procured an absolute transfer of the notes to him, and thereafter took no steps to fix his statutory lien for the material so sold, but relied on the collection of the notes for payment of the debt of Thomas to him.

In further support of his contention that title to the notes still remained in him, plaintiff pleaded the execution of the bond, that the same was relied on by him, and was an inducing cause of the transfer of the notes to Thomas, in the absence of which bond his transfer of the notes would not have been made. But in the same connection plaintiff further alleged that Wilkirson had repudiated the bond, and no recovery was sought thereon.

Furthermore, plaintiff's petition contained no allegation that Wilkirson did not intend to perform his contract with Thomas nor the obligations expressed in the bond when those instruments were executed and that he executed the same and informed plaintiff of said contract with Thomas, all with the fraudulent purpose thereby to deceive plaintiff and induce him to transfer the notes to Thomas and later to acquire the notes himself and appropriate them to his own use, and thus to defraud plaintiff of their value.

[2] In the absence of such allegations and proof to sustain them, and in the absence of allegations and proof of misrepresentation of facts inducing plaintiff to transfer the notes to Thomas, plaintiff failed to show any right of recovery against Wilkirson, and for that reason the court erred in refusing Wilkirson's request for an instructed verdict in his favor. C., T. & M. Ry. Co. v. Titterington, 84 Tex. 218, 19 S. W. 472, 31 Am. St. Rep. 39; Wilkirson v. Bradford, 154 S. W. 691; 12 R. C. L. p. 254. § 21.

[3] The court should have instructed a verdict in Wilkirson's favor for the further reason that his pleas of estoppel and innocent purchaser of the notes were conclusively established in this: The uncontroverted proof showed an absolute transfer of the notes by Bradford to Thomas and by Thomas to Wilkirson before their maturity; that the notes were negotiable in form, and that the transfer by Bradford was by written indorsement; that when Wilkirson purchased the notes he believed in good faith that Thomas held title thereto, and at the time he purchased them he had taken the initial steps towards the fixing of a statutory furnisher's lien on both the buildings in which the lumber sold by him to Thomas had been used, the value of which was in excess of the amount of the notes, and would have performed all acts necessary to so fix his lien, but was induced in good faith to desist therefrom and relinquish all claims for such liens, and in lieu thereof to accept from Thomas a transfer of the notes in payment of his debt for the lumber sold to him, all by reason of the assurance given by Bradford at the time that he had transferred all his interest in the notes to Thomas and that Thomas then owned them, in connection with the written transfer of the notes indorsed thereon by Bradford. Finks v. Buck, 27 S. W. 1095; Avery & Sons v. Collins, 62 Tex. Civ. App. 313, 131 S. W. 426; Walker v. Erwin, 47 Tex. Civ. App. 637, 106 S. W. 168; Westbrook v. Guderian, 3 Tex. Civ. App. 406, 22 S. W. 59; 10 R. C. L. pp. 777, 778, §§ 91, 92.

The fact that at the time Bradford gave such assurances he was relying upon the bond that had been signed and delivered by Bolling, as the purported agent for Wilkirson, for the faithful performance of Thomas's building contract, could make no difference, since that fact could not be construed as being in any sense a denial that Bradford had in fact transferred all his interest in the notes to Thomas, but rather as a statement merely of his reason why he had done so.

Accordingly the judgment of the trial court is reversed, and here rendered for appellant.

CONNER, C. J., not sitting, serving on writ of error committee at Austin.

## On Rehearing.

In the letter from Wilkirson to Bradford referred to in the original opinion notifying Bradford of his intention to take steps necessary to fix a statutory furnisher's lien on the lot and building which Thomas has contracted to erect there was no mention made of the notes in controversy, and to that extent the recital in the original opinion was erroneous. But the record does show that prior to the date of the said letter from Wilkirson to Bradford the notes were sent by Wilkirson from Grandview to one of his employés at Sweetwater with instructions, in effect, not to furnish any more lumber to Thomas on the strength of them as collateral. Upon receipt of that letter appellee, Bradford, was interviewed with reference to the notes, and he then claimed as he did later in his letter to Wilkirson, in effect, that he had made an absolute transfer of the notes to Thomas, and looked to Thomas and Wilkirson for a completion of the house in accordance with the terms of the contract for its construction.

Appellee had filed an extended motion and argument for a rehearing, which has been carefully considered, and in which he earnestly insists that we erroneously interpreted his pleadings. He insists that his petition alleges facts showing that he transferred the notes to Thomas under and by virtue of an agreement between himself and Thomas and Wilkirson that Wilkirson should hold the same in trust only to secure the completion of the building in accordance with the contract of Thomas therefor.

[4] We do not think that contention is correct. But, even though we are mistaken in that conclusion, the error is harmless, since, as held in our original opinion, the evidence fails to support that theory of recovery, but conclusively establishes the fact that the transfer of the notes to Thomas was intended to and did convey the absolute legal title thereto, and thus completely refutes any possible claim that such title passed to Wilkirson in trust only.

The motion for rehearing is overruled.

CONNER, C. J., not sitting, serving on writ of error committee at Austin.