## John R. Packard & another *vs.* Franklin Ames & another.

A deed of land to a number of persons incorporated as a religious society, *habendum* to them and to their heirs and assigns " and to each and every person who may hereafter become lawful owners and proprietors of a pew in the meeting-house to be built and erected thereon, and which may and shall afterwards be rebuilt thereon by the said proprietors and their successors, to the use and behoof of the said proprietors for the said purpose, and of each and every lawful owner and proprietor of a pew or pews in the meeting-house to be built and rebuilt on the said lot of land forever," without any clause providing for forfeiture or re-entry, is not a grant upon condition that a meeting-house shall be erected and maintained upon the land conveyed.

Writ of entry by the heirs at law of Joseph S. Packard to recover a lot of land in North Bridgewater.

At the trial in the superior court in Plymouth, the tenants claimed title under a deed of the premises, dated November 15th 1825, from Joseph S. Packard to Micha Packard and twenty five others, who, as was therein recited, " have associated together and have entered into a contract as proprietors, for the purpose of building and erecting on the lot of land hereinafter mentioned, a meeting-house for the public worship of God : " " To have and to hold the aforegranted lot of land to the said proprietors and to their heirs and assigns, and to each and every person who may hereafter become lawful owners and proprietors of a pew in the aforesaid meeting-house to be built and erected thereon, and which may and shall afterwards be rebuilt thereon by the said proprietors and their successors, to the use and behoof of the said proprietors for the said purpose, and of each and every lawful owner and proprietor of a pew or pews in the meeting-house to be built and rebuilt on the said lot of land forever."

It was proved and admitted that the grantees named in the deed, together with some other persons, were incorporated on

the 18th of June 1825 as the Second Congregational Society in North Bridgewater; that before the date of the deed they accepted and organized under their act of incorporation, and proceeded to make contracts for building a meeting-house on the premises, which was afterwards built; that this meeting-house was destroyed by fire on the 25th of December 1856, since which no steps had been taken for the erection of another; that no meeting of the society had been held for twelve years, and it had in fact ceased to exist; and that before the commencement of this action the tenants had divided the premises into house-lots, for the sale of which they had made contracts.

*Ames*, J. ruled that the deed of Joseph S. Packard was of an estate upon the condition of erecting and forever maintaining, on the premises conveyed, a house for public worship; and that the above facts proved such a breach of the condition as to entitle the demandants to enter and to revest themselves as of the former estate of the grantor; and directed a verdict for the demandants, which was returned. The tenants alleged exceptions.

*E. Ames & J. White*, for the tenants.

*C. T. Russell*, (*J. R. Perkins* with him,) for the demandants.

BIGELOW, C. J. The construction of the deed from Joseph S. Packard to Micha Packard and others, proprietors, was considered by this court in *North Bridgewater Congregational Society v. Waring*, 24 Pick. 304. It was there held that an estate in fee vested in the grantees to the use of the proprietors of pews therein designated, the use shifting to such as should thereafterward become pewholders. No intimation was there made that the conveyance was on a condition subsequent. Nor, on careful consideration of the terms of the grant, can we see any valid ground for holding that such is the true interpretation of the deed. There are no apt or proper words to create a condition; there is no clause of re-entry or forfeiture. The only words which bear any semblance of an intent to restrict the title conveyed by the deed are found in the habendum. These are merely that the grantees, the proprietors of pews, should hold the estate for the purpose of erecting and maintaining thereon a house for public

worship. But we know of no authority by which a grant declared to be for a special purpose, without other words, can be held to be on a condition. On the contrary, it has always been held that such a grant does not convey a conditional estate, unless coupled with a clause for the payment of money or the doing of some act by the grantee, on which the grant is clearly made to depend. Without some such clause, a grant for a specific purpose can be held at most only to create a trust, but not an estate on condition. Co. Lit. 203 *a*, 204 *a*, 204 *b*, 214 *b*. Shep. Touchst. 123, 124, 133. *Cowper* v. *Andrewes*, Hob. 41. *Norfolk's case*, Dyer, 138 *b*. *Exceptions sustained.*