## ISIDOR GROSS, TRUSTEE, *v.* B. C. McKEE.

1. TRUST DEED. *Fraudulently obtained. Practice. Instructions.*

    M. executed a deed of trust to secure an old debt to L. & Co., and for supplies to be thereafter advanced. L. & Co., after obtaining the deed of trust, refused to advance any supplies, as they had promised. G., the trustee, brought an action of replevin for the property embraced in the deed of trust. Upon the trial the court instructed the jury that if they believed the promise to make advances had been used by L. & Co. to induce the defendant to secure the old debt, and with no intention of making such advances, they must find for the defendant. *Held,* that the instruction was correct.

2. MORTGAGE. *Fraudulently obtained. Damnum absque injuria.*

    When a mortgage is fraudulently obtained to secure a pre-existing just debt, the mortgagee or beneficiary cannot claim that such mortgage is *damnum absque injuria.* The mere existence of such mortgage outstanding is of itself an injury, and any action to enforce it a greater injury.

ERROR to the Circuit Court of Madison County.

Hon. W. B. CUNNINGHAM, Judge.

B. C. McKee executed to Isidor Gross, as trustee for Loeb & Co., a deed of trust to secure the payment of a note for $214 for an old debt, and $100 for advances to be made in supplies during the year 1874. On the twenty-sixth day of November, 1874, Gross, as such trustee, instituted an action of replevin against McKee, to obtain possession of the property embraced in the deed of trust. It was proved upon the trial in the Circuit Court that Loeb & Co. did not make any advances to McKee, according to the stipulations in the deed of trust. Loeb testified that he had not made such advances, because the property included in the deed of trust was not as valuable as the defendant, McKee, represented it to be when the deed was given, and that he had never seen the property till some days after the execution of the deed. The defendant, McKee, testified that he would not have given the deed of trust if Loeb & Co. had not promised to furnish him supplies to carry on his farming operations during the year 1874, and that the deed was given in consideration of such promise.

The court instructed the jury for the defendant as follows : "The court instructs the jury, that if they believe from the evidence that McKee gave the deed of trust alone on the faith of Loeb's promise to furnish him with supplies to the amount of $100 during the year 1874, that Loeb & Co. refused to furnish the supplies under the deed of trust, and this was done to defraud said McKee, then this was a breach of contract, which released McKee from its provisions, and which rendered null and void the deed of trust, and the jury must find for the defendant."

To the giving of this instruction the plaintiff excepted. The jury returned a verdict for the defendant, and the plaintiff brings the case to this court on writ of error. The errors assigned are the giving of the above instruction, and that the jury found contrary to the law and instructions and against the evidence.

*R. C. Smith*, for the plaintiff in error.

1. The first objection to the instruction given for the defendant below is that it directs the jury to find contrary to the deed of trust. The deed of trust was executed to secure an old debt, as well as to secure one to be contracted for supplies ; and the failure to furnish the supplies could not render the deed of trust null and void, and could not be construed into a fraud so as to release McKee from its provisions.

2. It was error to instruct the jury that if Loeb & Co. did refuse to furnish the supplies to the defendant, to defraud him, it rendered null and void the deed of trust. There was no issue of fraud, nothing said about fraud in all the proceedings in the court below. There was nothing to base or predicate such an instruction upon, and it was inapplicable. But if the case warrants an instruction on fraud, the instruction given was not law. For how could the deed of trust, so far as it secures the payment of the old debt, be annulled or impaired by any action of Loeb thereafter in failing to furnish the supplies ?

3. But if we were to admit that Loeb & Co. did perpetrate a fraud upon McKee in not furnishing him the supplies as promised, the defendant could not even then claim that this rendered the deed of trust null and void, for he was not dam-

nified in any way by such refusal to furnish supplies. *Davidson* v. *Moss*, 5 How. (Miss.) 673, 687 ; *Hall* v. *Thompson*, 1 S. & M. 444; *Harris* v. *Ransom*, 24 Miss. 505.

*O. R. & T. T. Singleton*, for the defendant in error.

CHALMERS, J., delivered the opinion of the court.

The defendant in error executed to the plaintiff in error, as trustee for Loeb & Co., a trust deed on two horses and a growing crop, to secure payment of a note for $214 then due and future advances to be made during the year to the amount of $100. After having obtained the trust deed, Loeb & Co. refused to make any advances whatever, and at the end of the year caused their trustee to bring this action of replevin for the two horses and seventy-five bushels of the corn grown by the mortgagor. The jury rendered a verdict for the mortgagor (defendant in error). The case is brought here by writ of error on a special bill of exceptions taken to the action of the court in granting instructions.

The court charged the jury for the plaintiff that he was entitled to recover by reason of the note for $214 being unpaid, although Loeb & Co. had refused to make any further advances, unless they believed that the defendant had been fraudulently entrapped into executing the instrument by the promise to make further advances.

For the defendant the jury were substantially charged that if they believed that the promise to make the further advances had been fraudulently used by Loeb & Co. as a means to decoy the defendant into securing the old debt, and with no intention in fact of making such advances, they must find for the defendant.

We see no objection to these charges. They announce a principle sound both in law and morals. Fraud vitiates every thing into which it enters, even the solemn judgments of a court ; and certainly it would be a gross fraud for a creditor to induce his debtor to secure an old debt by mortgage, upon the condition of advancing a further sum, and when he had obtained the instrument to refuse to make the advance. In such a case a court of equity would unquestionably annul the conveyance.

We fail to appreciate the force of the argument of counsel, that, conceding that a fraud has been committed, no loss has been shown, and that therefore it is *damnum absque injuria.* The mere existence of an outstanding mortgage fraudulently obtained is of itself an injury, and certainly the enforcement of one by action of replevin would be a still greater.

The testimony is quite meagre, but the case is before us upon a special bill of exceptions to the charges. only, and the record does not purport to set forth all the testimony in the case. We must presume that the jury, who, as we have seen, were properly instructed as to the law, found correctly as to the facts.                          *Judgment affirmed.*