DARNELL v. WALDROP.

No. 1048.

Court of Civil Appeals of Texas. Eastland.

Jan. 20, 1933.

Rehearing Denied Feb. 17, 1933.

T. R. Odell, of Haskell, for appellant.

L. H. Welch, of Breckenridge, for appellee.

FUNDERBURK, Justice.

This suit involves two written contracts, as follows:

"State of Texas, County of Throckmorton

"This contract made and entered into this the 30th day of January, 1929, between E. N. Waldrop of Throckmorton County, Texas, known as party of the first part and R. B. Darnell of Throckmorton County, Texas, known as party of the second part, witnesseth: That consideration of the covenants herein contained on the part of the said R. B. Darnell of the second part and his representatives to be kept and performed he the said E. N. Waldrop of the first part doth hereby grant, demise and lease unto the said R. B. Darnell of the second part with its improvements thereon, situated in the County of Throckmorton, Throckmorton County, the State of Texas, to-wit: the land herein leased is all the land that I now own in Texan Emigration and Land Company, Survey No. 2235, also on Blk. 14 and Lots 3, 4, 6 and 7 in said block goes with said house to have and hold the said land and premises hereby demised unto the said R. B. Darnell and his representatives from this date until the 1st day of January A. D. Nineteen Hundred and Thirty Five (1935) yielding and paying with his services as follows: The services herein rendered is my board and washing and to live with said R. B. Darnell. I, N. Waldrop, party of the first part, are to bear my own expenses other than mentioned above, and the said R. B. Darnell is to have the exclusive use of said lands for above services rendered, for farming, grazing purposes. And further agreed that if there should be an oil well or wells drilled on said land above mentioned the said R. B. Darnell is to receive one eighth (1/8) of my one eight (1/8) of oil that is produced from said land above mentioned. Signed at Lusk, Texas, this the 30th day of January, A. D., 1929.

"E. N. Waldrop
"R. B. Darnell

"Witnesses:
"M. S. Hughes
"Mrs. R. B. Darnell."

"State of Texas, County of Throckmorton

"Lot No. 1, Blk. 22, Town of New Town

"Know all men by these presents that I, E. N. Waldrop, this day, November 10th, 1930, do lease to R. B. Darnell for my room and board and washing, one certain garage and tools, known as Sullivan Brothers Garage, Lease to expire January 1st, 1936.

"[Signed] E. N. Waldrop

"Witnesses:
"C. L. Sullivan
"Mrs. Audie Sullivan."

Waldrop sued Darnell to cancel said leases or to recover damages for the breach thereof, or both, depending upon the proper construction of plaintiff's petition. The petition contained a count in trespass to try title, as to which the effect of the judgment is to show a waiver. The second count alleged said contracts (setting them out in full), and alleged compliance with same by both parties until about January 18, 1931. As to the lease of the garage it was alleged, as we understand it, that same was given in exchange for a release of the lease of January 30, 1929, in so far as the latter covered a particular 32 acres out of an 80-acre tract therein described. The obligations of Darnell as expressed in the written contracts were alleged, and in addition thereto were alleged other obligations not expressed in the contracts, that Darnell and his wife were "to care for plaintiff's room which he was to retain in the house and to look after the plaintiff in event of his illness and feebleness."

The petition next alleged that a few months prior to January 18, 1931, defendant began to abuse and threaten the plaintiff, "and after continued abuse, cursing and threats of violence by the defendant toward plaintiff, plaintiff through fear of bodily injury and from fear of his life at the hands of the defendant, was forced and compelled to leave his home and to find board and lodging and care elsewhere," etc. It was averred that thereafter, beginning February 1, 1931, plaintiff was compelled to pay $22.50 per month, aggregating $250, for board and washing; that same was the result of plaintiff's being forced to leave his home, "and that the defendant, though requested, has failed and refused to furnish plaintiff said board, laundry and care in such manner that the plaintiff could remain in his home and receive same, and has failed and refused to pay for the same, and has failed and refused to pay the plaintiff rents from his farm, filling station and garage and household goods and kitchen-furniture, but continues to use, occupy and enjoy all of the same to the exclusion of this plaintiff, and to his damage in the sum of $250.00. That the defendant is insolvent and a judgment against him cannot be collected." The prayer was for cancellation of the lease contracts for rents for the year 1931, in the sum of $250, "or the reasonable amount of his board and lodging since February 1st, 1931, which is said sum of $250.00, for possession of the premises hereinabove described," etc.

Two issues were submitted to the jury. In answer to one it was found that "plaintiff was compelled to leave his home and obtain room, board. and laundry services elsewhere by reason of defendant's conduct towards plaintiff." In answer to the other the jury found "that the defendant R. B. Darnell is insolvent." The appeal by defendant is from a judgment canceling the leases and ordering writ of possession, but expressly denying any other relief to either party.

■ The nature of the judgment shows that the court below construed the second count of plaintiff's petition to state a cause of action for rescission and cancellation of the leases. Averments in the pleading carry some indication of an intention to allege such a cause of action, but the pleading is wholly insufficient to do so. The executory obligations of the defendant, as provided in the leases, do not purport to be, nor are they alleged to be, conditions or limitations effecting liability to forfeiture or termination. They do purport to be, and should be construed to be, covenants which are at the same time the consideration for the leases. They are governed by the principles declared in Chicago, T. & M. C. Ry. Co. v. Titterington, 84 Tex. 218, 19 S. W. 472, 31 Am. St. Rep. 39, and Johnson v. Gurley, 52 Tex. 222. There is no contract provision in the leases for a forfeiture for breach thereof. If, therefore, it be granted that the pleading sufficiently charged a breach of such obligations, the right to cancellation would not follow. (Same authorities.) There are no allegations of fraud, accident, or mistake. It is well settled that, in order to predicate fraud upon promises to be performed in the future, it is necessary to allege, in effect, that there was no intention at the time they were made on the part of the promissor to perform. Chicago, T. & M. C. Ry. Co. v. Titterington, supra.

■ Another reason why the pleading is insufficient to state a cause of action for rescission and cancellation is, it shows that a substantial part of the consideration (in the way of board and washing furnished) was received by the plaintiff. There is no offer to do equity by restoring the original status of the parties, nor are there any allegations of facts to excuse the plaintiff from the obligation to do so.

■■ Still another reason is that, in the same count and not in the alternative, plaintiff seeks recovery of damages for the alleged breach of defendant's obligations under the leases. With full knowledge of the facts upon which rescission is claimed, as plaintiff necessarily had when his suit was filed, he could not claim damages for the breach of defendant's obligation and at the same

time have rescission and cancellation. While the mere claim for rescission will not waive a right to damages (unless it amount to an election), a claim for damages will waive any right of rescission. As said in Black on Rescission and Cancellation: "One who brings suit upon a contract necessarily asserts that it is valid and enforceable, else he could not derive a cause of action from it. Hence, if one is aware of facts which would justify him in rescinding a contract or other transaction into which he has entered, but nevertheless institutes an action upon it, this is an election to affirm it and a waiver of any right of rescission and the election so made is final. Thus, for example, if the seller of goods discovers that he 'has been defrauded or that the purchaser's representations as to his financial ability were false, he has thereupon a right to rescind the sale and reclaim the goods; but if, knowing the facts, he brings an action for the price of the goods (with or without attachment) he waives the fraud and affirms the sale and cannot resort to proceedings for rescission if unable to collect the price by such suit." Section 612. As supporting the latter part of the text are cited Allyn v. Willis, 65 Tex. 65; Wachsmuth v. Sims (Tex. Civ. App.) 32 S. W. 821.

· We therefore conclude that the pleadings do not authorize the judgment rendered. It is doubtful, however, if the pleading was subject to a general demurrer. We are inclined to the view, although under the circumstances it is not necessary for us to decide the question, that, as against a general demurrer, the pleading was sufficient to state a cause of action for damages. But, if so, the judgment was against the defendant upon that cause of action, and no assignment of error brings in question the correctness of such action.

· For the reasons discussed, it is our opinion that the judgment of the court below should be reversed, and judgment here rendered for the defendant, which is accordingly so ordered.

### On Rehearing.

■ Appellee, in his motion for rehearing, presents no argument to convince us that we erred in our former opinion, except that, upon a reconsideration of the matter, we have concluded that the record justifies us in holding that the trial court rendered its judgment upon an incorrect theory under the pleadings and the evidence. Such being the case, it is our opinion that we should have remanded the case instead of rendering judgment for appellant, and that therefore the motion for rehearing should be granted, our former judgment set aside, and that our judgment be that the judgment of the court below be reversed and the cause remanded.