**WILSON et ux. v. GUADALUPE COUNTY et al.**

No. 2331.

Court of Civil Appeals of Texas. Beaumont.

April 12, 1933.

Rehearing Denied April 19, 1933.

Spencer, Rogers, Lewis & Slatton, of San Antonio, and C. L. Bell and F. E. Knetsch, both of Seguin, for appellants.

Wirtz & Weinert and Alvin P. Mueller, all of Seguin, for appellees.

O'QUINN, Justice.

Appellants, Yates Wilson and his wife, Lillie Wilson, sued Guadalupe county, and the county judge and the county commissioners of said county, in trespass to try title to 40 acres of land described in their petition. Their prayer was "that they have judgment for and possession of said land, and that they be quieted in their title and possession, and for general relief."

Appellees answered by general demurrer, general denial, plea of not guilty, and specially the two-year statute of limitation against the right of plaintiffs to recover for any trespass or damage. They further answered specially that by deed of date July 14, 1926, duly executed and recorded, Yates Wilson for a valuable consideration conveyed to Guadalupe county a strip of land 40 feet wide off of the west side of said 40 acres containing 4.44 acres for the purpose of establishing thereon and thereover a public road, and that said county did establish and dedicate said strip of land as a public road since when it has maintained, same as such. That appellants then and ever since have recognized said public road and used same, and made no complaint as to same until the filing of this suit August 24, 1929. They further answered by several special pleas defensive matters, which, in view of the pleadings of appellants, admissions of both parties in their briefs, and the judgment rendered, we do not deem it necessary to state. Their prayer was that appellee Guadalupe county recover judgment for a perpetual easement and right of way on and over said 4.44 acres of land.

At the close of the evidence, the court denied appellants' request for an instructed verdict, but granted appellees' request and entered judgment vesting in Guadalupe county an easement and right of way for road purposes on and over the 4.44 acres of land in controversy, and vested fee-simple title to said land in appellants, subject to the easement in favor of said county. From this judgment appellants bring this appeal.

■ Among the undisputed facts are these: Yates Wilson and Lillie Wilson, his wife, were the community owners of the 40 acres of land described in their petition. This land constituted their homestead. After living upon this land for several years, they left same and went to Fort Worth, not, however, with the intent to abandon same. This was in 1918. Later, about 1925, Yates Wilson not being in good health went to San Antonio to stay with his relatives, not having permanently separated from his wife, Lillie, but for his

personal benefit in health. By deed of July 14, 1926, he, Yates Wilson, for a consideration of $66.60 deeded the 40-foot strip off of the west side of the 40-acre tract, amounting to 4.44 acres, to Guadalupe county for road purposes. The county had already taken possession and partly constructed a road on the land at the time he executed the conveyance. He, later, in the same year, told his wife, Lillie, about the road and his executing the deed and the amount he got for the easement. She made no objection, nor made any claim whatever against the county. Later, about 1929, oil was discovered near the land, and this suit was filed for the land. We shall not make further statement as to the facts, nor the various contentions or questions, because as this suit, as made by appellants in their petition, is one of simple trespass to try title with prayer for judgment to recover the title and possession of the land without any allegation of damages or prayer for same, and the appellees claiming only an easement for road purposes on and over the land by virtue of the deed from Yates Wilson for such purpose, and the judgment granting to each party that for which they prayed, namely, title to the land, the 4.44 acres, to appellants subject only to appellees' easement for road purposes, and granting the county an easement for road purposes on and over said 4.44 acres, there was no other question to be determined, and, therefore, the judgment should be affirmed.

A further reason for the affirmance of the judgment is that appellants disclaimed all right to recover as to the south half of said 40-foot strip, and urged their right only as to the north half of same. Without going into detail as to the contentions and evidence relating to this portion of the 4.44 acres, we will say that the deed of Yates Wilson conveying for road purposes an easement on and over said land, vested for such purpose a full, complete, and valid right to said easement on and over the entire strip, and that the joinder of his wife, Lillie Wilson, was not necessary though the 40 acres at the date of the execution of the deed was their homestead. It is well settled that the husband may, without the joinder of his wife, grant an easement over community property which is the homestead of the parties, when such easement does not destroy or materially affect its use as such. Randall v. Railway Co., 63 Tex. 586; Chicago, T. & M. C. R. Co. v. Titterington, 84 Tex. 225, 19 S. W. 472, 31 Am. St. Rep. 39; Gates v. Pitts (Tex. Civ. App.) 2 S.W.(2d) 307; Denton County v. Sauls (Tex. Civ. App.) 265 S. W. 1091, 1093. It is nowhere shown, or even contended, that the use of the 40-foot strip as a public road would in any manner interfere with the wife's use or enjoyment of the home.

The insistence of appellants that the grant of the easement was void because there was no sufficient description of same in the deed to properly identify and locate same is overruled. The description in the deed is: " * * * 40 ft. wide and off the west side of the 40 acres conveyed to Yates Wilson by Sallie Wilson by deed dated November 7, 1914, recorded in Vol. 48, pages 134–135, of the Deed Records of Guadalupe County, Texas, and containing 4.44 acres more or less."

The deed from Yates Wilson to Guadalupe county described the entire Yates Wilson 40-acre tract by reference to a recorded deed from Sallie Wilson to Yates Wilson. The description in the deed referred to shows the 40 acres to be a long narrow strip of land approximately 1,734 varas long by 132 varas in width, the east and west sides forming the length thereof and having a bearing of S. 5 W. The deed from Yates Wilson conveying the easement reads: "All that certain strip of land a part of the Jacob Darst 24 Labors in Guadalupe County, Texas, and the piece of land here conveyed is 40 ft. wide and off of the west side of the 40 acres conveyed to Yates Wilson by Sallie Wilson by deed dated November 7, 1914, recorded in Vol. 48, pages 134–135 of the Deed Records of Guadalupe County, Texas."

The description is amply sufficient.

The judgment should be affirmed, and it is so ordered.

Affirmed.