NASH et ux. v. SOUTH et al.
No. 1470.

Court of Civil Appeals of Texas. Eastland.
June 14, 1935.

Rehearing Denied July 12, 1935.

Sullivan & Wilson and J. Lee Zumwalt, all of Dallas, for plaintiff in error.

L. C. Penry, of Dallas, for defendants in error.

GRISSOM, Justice.

The parties will be referred to as in the trial court. The plaintiff, J. E. South, filed this suit against the defendants, John Nash and wife, Hattie Nash, and the Hanover Fire Insurance Company, the first count of his petition being in trespass to try title, and the second count alleging, in substance, that he executed a deed to Hattie Nash to the property in controversy in consideration of an agreement on the part of the Nashes to repair plaintiff's house situated on the land in controversy, so that the same would meet the requirements of their joint occupancy, and that defendants would, as long as plaintiff lived, furnish plaintiff a comfortable room, and "feed and give him all needed care and attention, and to see that he was properly nursed in sickness and medical aid rendered him when needed." Plaintiff prayed for a recovery of the title and possession of the land in question, and alleged in the alternative that if it should be held he was not entitled to such relief, then that he had been damaged to the extent of the value of his maintenance since "October 1929 to such time as under the experience of mortality he would likely die, that the sum of $300 per year is such reasonable sum." The plaintiff further alleged that after he executed the deed to Hattie Nash, the Nashes did make improvements on the house, and that they and the plaintiff moved into and occupied the house for about three months, at which time the Nashes moved from the premises and refused to further maintain the plaintiff.

The defendants, among other things, filed a plea of not guilty in answer to the plaintiff's action in trespass to try title, a cross-action for $1,250 alleged to be defendants' expenditure in repairing the house, prayed that they recover a judgment against the plaintiff South "decreeing that said deed conveyed the fee simple title to the land to the defendant Hattie Nash, and that the life estate in said property reserved to the plaintiff be declared in subordination to the title of the said Hattie Nash." The defendants also alleged that the plaintiff's action and conduct in bootlegging on the premises, stealing chickens, etc., made it impossible for the defendants to further live with the plaintiff, and that his actions of this nature compelled them to move from the premises.

The jury found in answer to special issues as follows: (1) That the deed was executed and delivered upon condition, and with the agreement that the defendants (the Nashes) would furnish to the plaintiff (South) a suitable home and maintenance during the remainder of his (South's) life; (2) that the defendants in good faith intended to carry out said agreement; (3) that the defendants did not carry out the terms of said agreement; (4)

that at the time of the execution and delivery of the deed to Hattie Nash there was an agreement to the effect, and the same was executed and delivered upon condition, that the defendants would move onto and improve the property; (5) that defendants in good faith intended to carry out said agreement; (6) and that the defendants did carry out the terms of said last-mentioned agreement; (7) that the conduct of the plaintiff was of such nature as to justify the defendants in refusing to live upon the property and furnish him maintenance; (8) and that the value of the improvements placed upon the property by the defendants was $600.

The court entered judgment for the plaintiff South against the defendants (Nashes) for the title and possession of the property; that the Nashes take nothing by their cross-action, and dismissed the Hanover Fire Insurance Company from the suit.

The judgment is not supported by the pleadings of the plaintiff, nor the verdict of the jury. Plaintiff cannot recover the title to and possession of the land without canceling the deed to Mrs. Nash; he did not ask for cancellation of the deed in his petition. Even if sufficiently pleaded, plaintiff could not cancel the deed, nor recover the title or possession of the property because of fraud under the verdict rendered. The jury found that the defendants at the time of the execution and delivery of the deed entered into the contract to maintain the plaintiff, etc., in good faith. If this be true, there was no fraud by the defendants in the inception of the contract. To cancel the deed on the ground of fraud, plaintiff would be compelled to allege and prove that at the time of the execution and delivery of the deed defendants did not intend to perform the acts that plaintiff alleges the defendants were to perform as a consideration for the deed. Chicago, T. & M. C. Ry. Co. v. Titterington et ux., 84 Tex. 218, 19 S. W. 472, 473, 31 Am. St. Rep. 39. Another reason that precludes the plaintiff from recovering the title to and possession of the property conveyed by the deed to Mrs. Nash is (even if it could do so otherwise) that the plaintiff alleged and proved that a portion of the consideration, that is, furnishing the plaintiff room and board for three months, and improvements on the house, found by the jury to be of the value of $600, was received by the plaintiff. "There is no offer to do equity by restoring the original status of the parties, nor are there any allegations of facts to excuse the plaintiff from the obligation to do so." Darnell v. Waldrop (Tex. Civ. App.) 57 S.W.(2d) 392, 394; 4 R. C. L. § 23, p. 511.

The deed from J. E. South to Hattie Nash recited a consideration of $1 and love and affection, and was in all respects a general warranty deed, except that it contained a provision reciting that South retained a life estate in the land conveyed. The deed, except that it reserved a life estate in plaintiff, evidences a fully executed contract in conveying title to Mrs. Nash. There is no condition written into the deed that upon the failure of the defendants to carry out their part of the contract the estate should revert to the grantor, or terminate, nor is it contended that there was even such verbal agreement. Under a similar legal situation, the Supreme Court of Texas in Chicago, T. & M. C. Ry. Co. v. Titterington, supra, said: "* * * We do hold, that the promises or obligations of the railway company referred to in the deed are in the nature of covenants, not conditions, and therefore the plaintiffs * * * could not reclaim the land itself on account of the nonperformance of the covenants or promises by the grantee, but would be required to sue for the damages arising from the breach of the contract."

In that case, Titterington conveyed a right of way to the railway company in consideration of the enhanced value to the grantor's land by the location of a railway station, etc., thereon. The railway company never placed the railway station on the land. The rule applicable to cases of this nature, where the consideration to be paid is support during the old age of the grantor, is stated in Simpkins on Equity (2d Edition) p. 720, to be: "You cannot cancel a deed, executed and delivered, the consideration of which was to support old age, merely for failure to do so; but the grantor may recover damages. * * * Where, however, the representations by the grantee are fraudulent, inducing the conveyance, or when it is shown that the promise was not intended to be carried out when the contract was made, then equity will rescind in this character of cases."

All questions of the rights of the parties with reference to the Hanover Fire Insurance Company have been eliminated by its dismissal from the case. There are many allegations with reference to the collection, by the defendants, of a fire insurance policy on a house situated on the land

conveyed by the deed from plaintiff to Hattie Nash. The Hanover Fire Insurance Company was a party to the suit, but since said insurance company was, by the trial court, dismissed, as is shown by its judgment, on the motion of the defendants without objection from the plaintiff, and since the statement of facts further reveals that the plaintiff also moved the court to dismiss the insurance company from the suit, and no complaint is made by the parties on appeal to such action of the court in dismissing said insurance company, no further notice will be taken of such defendant. Furthermore, it is shown, without dispute, that the Nashes sued the insurance company; that plaintiff vainly attempted to intervene in said suit; that the judgment in said cause has become final and the Nashes have collected the amount of their judgment against the insurance company. The judgment in so far as it disposes of the Hanover Fire Insurance Company will not be disturbed.

For the errors discussed, the judgment of the trial court is otherwise reversed and the cause remanded.

Affirmed in part, and in part reversed and remanded.