## MILLS–GORDEN CO. et al. v. EAST TEXAS GROCERY CO., Inc.

### No. 6325.

Court of Civil Appeals of Texas. Texarkana.
Jan. 15, 1948.

George Sergeant and Sarah Daniels, both of Dallas, for appellant.

Hatchell & Hatchell, of Longview, for appellee.

HALL, Chief Justice.

This is an appeal from an order of the District Court of Gregg County overruling appellants' plea of privilege to be sued in Dallas County where they reside. On May 5, 1947, suit was instituted against appellants, Fred Z. Mills, Joe C. Tarpley, R. L. Shearer, and W. L. Gorden, composing the partnership of Mills-Gorden Company, merchandise brokers, by appellee for the sum of $1834.94 alleged to be due for certain merchandise sold to it by Tobler Chemical Company of Boston, Massachusetts, through appellants as brokers, under circumstances hereinafter more fully set out. On June 13, 1947, the trial court rendered judgment overruling appellants' several pleas of privilege.

The record discloses that on or about the 28th day of February, 1946, George Myers, Vice-President of Tobler Chemical Company, in company with Joe C. Tarpley, salesman (now member of the firm) for appellants, called upon appellee at its place of business in Longview, Texas, for the purpose of selling to it a new article of merchandise known as "Betta Klene," and as a result of said interview 500 cases of this merchandise were sold to appellee by the Tobler Chemical Company through appellants as brokers, their salesman Tarpley writing up the order. It is undisputed that, either before or at the time of the sale Myers as agent for Tobler Chemical Company, represented to appellee's President, Bill Patterson, that if appellee had not sold all of said merchandise within a period of six months from date of sale, it could return the unsold portion to Tobler Chemical Company and receive a refund therefor. And it was agreed further between Myers and Patterson, as stated by appellants in their brief: "In addition to the guaranty for the return of any goods unsold, Myers, for Tobler Chemical Company, further agreed with Patterson to assist in the following manner in the promotion of sales of Betta Klene in Texas, particularly in the trade area in which Longview is located: Tobler Chemical Company would advertise the product extensively in newspapers throughout the state; would dress a number of show windows in various cities in Texas in accordance with photographs Myers at that time displayed to Patterson; and would employ sales managers to drill a number of salesmen and send them into the several territories in Texas including East Texas, to sell these articles to the retail trade, build up good will and lay the predicate for retail sales of Betta Klene by East Texas Grocery Company and other wholesale houses in the state."

It is appellee's contention, and its President, Bill Patterson, so testified, that he refused to deal with Myers for the reason that Myers and his company were unknown to him. At that time Joe C. Tarpley, representative of appellants, stated: "'Bill, if you will take this, we are behind him 100%' * * * and I said, 'Joe, if you are behind it 100% that's all right.'" The witness Patterson testified further: "He (Joe C. Tarpley) told me at the time that he would see that we didn't lose a cent on it, that the merchandise would be picked up at the end of six months and vouched identical for what Mr. Myers had told me, which I discounted because I knew nothing of him or his company." The merchandise was received and paid for by appellee. There remains unsold the greater portion of the merchandise which has been tendered to appellants and payment has been refused.

Appellee bases its suit against appellant upon the alleged oral contract made by the parties at the time of the sale; namely, that any unsold portion of the merchandise could be returned and payment would be made therefor as well as the agreement to advertise same in the Longview trade territory. Appellee's cause of action, as shown by its pleadings and by statements in its brief, is grounded upon an oral contract to the effect that the Tobler Chemical Company agreed to conduct an advertising campaign acquainting the public with the merchandise, "Betta Klene," within the trade territory of Longview, consisting of newspaper advertisements and window dressing, and that said Chemical Company would take up and make refund to appellee for the portion of said merchandise remaining unsold at the end of six months after its delivery to appellee. Appellee also contends that the Tobler Chemical Company in making the oral contract mentioned above acted fraudulently in that it did not intend to carry out said representations, and that the venue of this suit is properly laid in Gregg County where the alleged fraud was committed, under the provisions of Article 1995, Sec. 7, R.C.S., Vernon's Ann.Civ.St. art. 1995, subd. 7.

Appellants' third point asserts, among other things, that there is no evidence raising an issue of fraud practiced by appellants in procuring the sale of the merchandise from Tobler Chemical Company to appellee.

There is undisputed evidence to the effect that Tobler Chemical Company, during the six month period after the delivery of the merchandise to appellee, placed advertising in Houston and Tyler papers and did some window dressings; that the Chemical Company trained at least two crews of men to demonstrate and take orders for the merchandise; and that orders were taken by these crews, sent to appellee and were filled and shipped by it, which accounts for most of this merchandise sold by appellee. At or about the date of the expiration of the six month period after the delivery of said merchandise, Tobler Chemical Company was adjudged a bankrupt and thereafter it was impossible for it further to perform its part of the oral contract. In our opinion, under the above state of facts the Chemical Company would not be guilty of fraud even under the exception to the general rule expressed in Chicago, T. & M. Ry. Co. v. Titterington, 84 Tex. 218, 19 S.W. 472, 31 Am.St.Rep. 39, to the effect that if a party at the time of making representations and assurances to induce another to enter into a contract, he did so with the design of cheating and deceiving the other party and had no intention of performing the promise, he would be guilty of fraud, even though the promise was to be performed in the future. But if it be conceded that the Chemical Company was guilty of fraud in the transaction, still there is no evidence that appellants were parties to its fraudulent acts, or that their agent Tarpley knew of the fraudulent intention of the Chemical Company's agent, Myers. There is nothing in this record which would indicate such fact. The most that can be said is that appellants, through their agent Tarpley, guaranteed the performance of the contract by Tobler Chemical Company and would, no doubt, under proper proof be liable for the Tobler Chemical Company's default in failing to make refund for the unsold portion of said merchandise.

The conclusion reached above renders unnecessary a discussion of the other points advanced by appellants

The judgment of the trial court is reversed and the cause remanded with instructions to the trial court to order the cause transferred to one of the district courts of Dallas County, Texas.

Reversed and remanded with instructions.