SHEPPARD'S HOME v. WOOD et al.

(Court of Civil Appeals of Texas. Austin. Jan. 31, 1912.)

1. LANDLORD AND TENANT (§ 199½*)—RENT—LIABILITY.

Defendants, having taken a lease from the board of trustees of a home appointed by the Presbyterian Church at $5 per month, on being notified by a representative of the Cumberland Presbyterian Church not to pay any more rents to that board, declined to do so for the months of November and December, and also remained in possession during January and a part of February for which they did not pay rent. Held, that they are liable for rent for the four months at $5 per month.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 741, 742; Dec. Dig. § 199½.*]

2. LANDLORD AND TENANT (§ 185*)—RENT—LIABILITY.

Though it is presumed, where a tenant remains in possession after being notified upon what terms he can remain, that he assents to those terms, such presumption does not prevail against proof to the contrary, and where he refuses to further recognize the authority of the landlord to collect rent, and attorns to another, he becomes a trespasser, liable for the reasonable rent, but not as tenant.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 751–754; Dec. Dig. § 185.*]

Appeal from Williamson County Court; Richard Critz, Judge.

Action by the Board of Trustees of the Sheppard's Home appointed by the Presbyterian Church, U. S. A., against Joe Wood and others. From a judgment for defendants, plaintiff appeals. Reversed and rendered.

See, also, 140 S. W. 394.

W. A. Barlow, for appellant. W. H. Nunn, and John D. Hudson, for appellees.

Findings of Fact.

JENKINS, J. 1. This suit was brought by a board of trustees for the Sheppard's Home appointed by the Presbyterian Church, U. S. A.

2. The Sheppard's Home is a corporation formed for the purpose of holding property, the funds and income of which was to be used to meet the expenses of a home for superannuated ministers of the Cumberland Presbyterian Church, and to maintain an orphans' home as a department of the Sheppard's Home.

3. The trustees of said corporation were originally appointed by the Synod of the Cumberland Presbyterian Church. When the union of this church with the Presbyterian Church, U. S. A., was perfected, the Presbyterian Church, U. S. A., appointed a board of trustees to manage said Home. Pending the litigation between these churches, the two boards of trustees, consisting of six members each, agreed upon a joint board of three, selected from their respective bodies, who were to administer the affairs of the Home until the legal controversy was decided. Upon the decision of what is known as the Jefferson Case, the trustees appointed by the Cumberland Presbyterian Church retired and left the management in the hands of the Presbyterian board. The appellees, who were then tenants of the house owned by said Home, acquiesced in this, and became tenants of the Presbyterian board, and continued to pay rent to said board at the rate of $5 a month until November 1, 1908.

4. The appellees, during the months of November and December, 1908, having been notified by a representative of the Cumberland Church not to pay any more rents to the

Presbyterian Church, declined to do so. The trustees of the Presbyterian Church, representing appellant herein, notified appellees in December, 1908, that they would have to pay the rent at $5 per month for November and December; and also if they continued to occupy the house after January 1, 1909, they must also take the agricultural lands connected therewith, and pay a monthly rent for the entire year of 1909 at the rate of $10 per month. Appellees never consented to this proposition. January .4, 1909, appellees still being in possession of the house, appellant notified them that it would extend the time to January 10, 1909, in which they were to decide whether they would remain on the premises and pay the rent at $10 a month for that year, or would surrender the same. Appellees informed said trustees that they would not rent said premises upon said terms. They in fact rented said premises in January, 1909, from the representatives of the Cumberland Presbyterian Church, for what length of time and upon what terms is not shown in the record.

5. On February 8, 1909, appellees abandoned said premises, and have not since had possession of the same.

6. On the same day that appellees moved out of the house, one J. W. Jenkins moved into said house. The record shows that J. W. Jenkins was occupying as tenant another house in Round Rock, Tex., where the Sheppard's Home is located, and that appellees, by agreement with the said Jenkins, moved into the house which he had been occupying.

7. J. W. Jenkins rented said Sheppard's Home from the representatives of the Cumberland Presbyterian Church, and paid them the rents for 1909 according to his contract, the amount of which is not shown by the record.

8. Jenkins occupied said premises for the remainder of the year 1909 as the tenant of the board of trustees representing the Cumberland Presbyterian Church, and not as the subtenant of appellees herein.

This case was tried by a jury, and judgment rendered for the defendants.

### Opinion.

[1] Appellees having occupied said house for the months of November and December as the tenants of appellant, and having remained in possession of said premises for January and a part of February, refusing to rent the same from appellant or to surrender possession to it, they are bound to appellant for the rent of said premises for said time at the rate of $5 per month.

[2] Appellant contends that inasmuch as it had notified the appellees that if they remained on said premises after January 1st (the time being subsequently extended to January 10th) they would be required to take the same, including the agricultural lands which they had not previously rented, for the entire year of 1909 at $10 per month; and that as they remained on said premises, as contended by appellant, either by themselves or by their subtenant Jenkins, for that year, they are due appellant rent for the entire year of 1909 at the rate of $10 per month. As shown by the findings of fact above set out, Jenkins did not become their tenant by moving into the said house. While appellees were notified that if they remained on the premises after January 1, and subsequently, January 10, 1909; they would be required to take the property for the entire year, and while it is true, in the absence of proof to the contrary, that when a party remains in possession of premises, after being notified upon what terms he can hold the same, he is presumed to have assented to such proposition; still, this presumption will obtain only in the absence of proof to the contrary, and not against such proof. In this case appellees, by refusing to further recognize the authority of appellant to collect the rent on said premises, and by remaining on said premises and attorning to another, became trespassers and liable for the reasonable rent of the premises, but did not become liable as tenants.

For the reasons above stated, the judgment in this case is reversed and here rendered for the appellants for the sum of $20 as rent for the months of November, December, January, and February.

Reversed and rendered.