G. J. THOMASON ET AL. v. S. J. McINTYRE ET AL.

No. 3726.    Decided June 30, 1923.

(254 S. W., 315.)

1.—Limitation—Cancelling Deed for Fraud.

A suit to cancel a deed for fraud is barred by limitation in four years, not in two. (P. 223).

**2.—Same—Removing Cloud from Title.**

A simple suit to remove cloud from title to land when such title would sustain an action for recovery of it in spite of the cloud could be maintained at any time. Where the suit was to cancel a conveyance for fraud, the removal of its cloud on the title, being merely incident to the action for cancellation and the fraud rendering the instrument voidable merely, not void, the statute of limitation of four years applied. Lone Star Life Ins. Co. v. Pierce, 200 S. W., 1108, approved, and Texas Co. v. Davis held not in conflict. (Pp. 223, 224).

Error to the Court of Civil Appeals for the Second District, in an appeal from Stephens County.

McIntyre and wife sued G. J. Thomason, C. W. and Y. L. Thomason intervening. Plaintiff had judgment, and defendant and interveners appealed, and on affirmance (233 S. W., 616) obtained writ of error.

*H. G. McConnell, E. D. McKenzie,* and *Wm. E. Hawkins,* for plaintiffs in error.

It is well settled under the decisions of this State that where the petition shows upon its face that the cause of action, if any, is barred by limitation, then the burden is upon the party to excuse himself from the bar of limitation by showing that he could not, by the exercise of reasonable diligence, have discovered the fraud until within a time prior to the filing of the suit which would not bar his cause of action. Powell v. March, 169 S. W., 936; Vodrie v. Tynan, 57 S. W., 680; McCord v. Bass, 223 S. W., 192; Boren v. Boren, 85 S. W., 48; Kuhlman v. Baker, 50 Texas, 630.

The conveyance from plaintiffs to defendant passed to him a legal title—"a defeasible fee"—to the minerals in place. It is a present conveyance of a part of the land. It is an executed, and not an executory, contract. McEntire v. Thomason, 210 S. W., 563; Thomason v. Ham, 210 S. W., 561; Texas Co. v. Daugherty, 107 Texas, 226, 176 S. W., 717; McKay v. Lucas, 220 S. W., 172. Contrast: Grubbs v. McAfee, 212 S. W., 464; Pipe Line Co. v. Teel, 95 Texas, 586, 68 S. W., 979. See also: McCallister v. Texas Company, 223 S. W., 859.

The mineral conveyance being executed and delivered for a valuable consideration and passing a present legal title and plaintiffs in error having performed everything necessary to vest the title for twenty years, and as much longer as any of the minerals could be produced in paying quantities, there cannot be an abandonment and the issue of abandonment cannot arise, for a legal title to minerals cannot be abandoned nor the issue arise where everything required to keep the title vested for a certain length of time has been performed. (Scott v. Laws, 215 S. W., 81; Key v. Big Sandy Oil Co., 212 S. W., 300; Tickner v. Luse, 220 S. W., 578).

Under the doctrine of *stare decisis* the Court of Civil Appeals erred in not reversing the judgment of the trial court, and in not treating this case, and the issues therein, which were involved in the former appeal of this case, in accordance with its decision.   Art. 1639, Vernon-Sayles Civil Statutes of Texas; Stark v. Brown, 210 S. W., 814; Railway Co. v. True, 159 S. W., 152; Board v. Railway, 46 Texas, 316; Hitson v. Gilman, 220·S. W., 142, and cases cited; King v. Comr's Court, 30 S. W., 257; Matagorda Canal Co. v. Irr. Co., 154 S. W., 1176; Shields v. Barrow, 17 How., 130; Burlew v. Quarrier, 16 W. Va., 108 and authorities there cited; Pyle v. Henderson, (W. Va.) 46 S. E., 791; Steelsmith v. Fisher Oil Co., 35 S. E., 15; 1 Daniell Ch. Pl. & Pr., 246; Archer Oil & Gas cases, p. 927; Beach's Mod. Eq. Pr., Sec. 55; Barmore v. Darragh, 227 S. W., 522; Bonner v. Texarkana, 227 S. W., 505.

Brief of *Presley K. Ewing* (*A. R. Rucks* and *W. J. Howard* of counsel) in case of Texas Co. v. Davis, was also filed in this case in support of plaintiffs in error on the issue of abandonment.

*J. R. Stubblefield,* for defendants in error.

The appellants are not entitled to recover in this cause for the reason that whatever rights they ever possessed in the land in controversy have been abandoned.   Grubb v. McAfee, 109 Texas, 527; Buie v. Porter, decided November 27, 1920, and reported in Martin's Oil & Gas Legal Service, Vol. 2, page 100; 20 Ann. Cas., page 1167; Note 18 R. C. L., Sec. 114.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

Defendants in error sued plaintiff in error G. J. Thomason to cancel a conveyance of minerals and appurtenant rights, executed by defendants in error to said plaintiff in error.   One of the alleged grounds of cancellation was fraud on the part of said plaintiff in error in procuring the execution of the conveyance.   Plaintiffs in error, G. W. Thomason and Y. L. Thomason, intervened asserting an interest under G. J. Thomason.   Plaintiff in error G. J. Thomason, besides other matters, plead limitations of two and four years.   In response to special issues, the jury made many findings against plaintiffs in error, among which were findings that G. J. Thomason induced the execution of the conveyance by means of fraudulent representations; that this suit was filed within two years after the fraud was discovered or could be discovered by the exercise of reasonable diligence, and that the intervenors paid no valuable consideration on their purchase from G. J. Thomason.

The writ of error was granted on the conflict between the decision in McIntyre v. Thomason, 210 S. W., 564, and the decision herein re-

ported in 233 S. W., 620. The former decision was that the suit of defendants in error would be barred in two years, the evidence conclusively showing that the fraudulent representations and acts, by which the conveyance was procured, were either known to, or could have been ascertained by defendants in error, with the exercise of the slightest diligence, for more than two years prior to the institution of the suit. The latter decision was that "the statute of limitation of four years and not the two years statute was the only statute that would bar the suit to cancel for fraud."

The Court of Civil Appeals, in its last opinion explains how the first decision came to be made. 233 S. W., 621.

We concur in the conclusion of the Court of Civil Appeals that there was evidence on the last trial to support the jury's findings, and deem it necessary to discuss only the point of conflict on which the writ of error was allowed.

It is settled that four years—and not two years—bars a suit to cancel a conveyance for fraud. Chicago T. & M. C. Ry. Co. v. Titterington, 84 Texas, 225, 31 Am. St., 39, 19 S. W., 472; Moore v. Chamberlain, 109 Texas, 68, 195 S. W., 1135; Gorden v. Rhodes & Daniel, 102 Texas, 300, 116 S. W., 40; Clark v. Texas Co-op. Inv. Co., 231 S. W., 382.

The rule announced in the case of The Texas Company v. Davis, 113 Texas, 321, 254 S. W., 304, that a simple suit to remove a cloud from a title to land, when such title would sustain an action of trespass to try title at the date of institution of the suit, may be maintained at any time, is not in conflict with the rule that limitation of four years bars a suit to avoid a conveyance for fraud. The Amarillo Court of Civil Appeals accurately stated the distinction between the two kinds of suit, when it said, speaking through Judge Boyce:

"In order to prevent any misapprehension, which appellee seems to anticipate, as to the meaning of our opinion, we will say that the issues of ratification and limitation discussed are applicable only to that part of the cause of action which seeks to set aside and cancel the contract for fraud. If the deed of trust and note were given in violation of the provisions of the Constitution and statute, they would be, as between the parties, void; a ratification thereof would be subject to the same vice. The plaintiff could have defended a suit brought at any time to enforce them, and a suit to have the deed of trust declared void might be truly classed as a suit to remove cloud from title. But if this issue should be determined against the plaintiff, and he relies on the alleged fraud in inducing the subscription to secure a cancellation, a different situation is presented. The contract then would not be void, but merely voidable, and would be the subject of ratification. A judgment removing cloud from the title in such case would be a mere incident to the cancellation of the

deed of trust, which would be a valid instrument·until set aside for the fraud. The primary purpose of the suit in such event would be rescission and cancellation, and limitation applicable to that character of suit would apply and not the law of limitation of suits to remove cloud from title. Kennon v. Miller, 143 S. W., 988; McCampbell v. Durst, 15 Texas Civ. App., 522, 40 S. W., 320; Railway Co. v. Titterington, 84 Texas, 218, 19 S. W., 472, 31 Am. St. Rep., 39.'' Lone Star Life Ins. Co. v. Pierce, 200 S. W., 1108, 1109.

We refused writs of error in several companion cases to this one because we were of opinion that the questions raised in the petition for writ of error herein, which we have not discussed, were correctly determined by the Court of Civil Appeals, at least as far as necessary to maintain the correctness of the judgment of that Court. Further examination and consideration confirms that opinion.

Finding no reversible error, it is ordered that the judgment of the Court of Civil Appeals be affirmed.

*Affirmed.*