## HUGHES v. WRIGHT et. al.
### No. 13883.

Court of Civil Appeals of Texas.
Fort Worth.

March 24, 1939.

216

D. B. Chapin and Nat Gentry Jr., both of Tyler, for appellant.

Box & Box, of Jacksonville, and Butler & Price, of Tyler, for appellee T. O. Wright.

H. R. Wilson, of Houston, for appellees Texas Co. and Texas Pipe Line Co.

Pollard & Lawrence, of Tyler, for appellees J. F. Graham et al.

W. H. Sanford and Conan Cantwell, both of Dallas, for appellee Murko Oil & Royalty Co.

W. C. Campbell, of Palestine, for appellees Weaver-Perry Oil Corporation and C. Edmund Perry.

DUNKLIN, Chief Justice.

This is a suit in trespass to try title to land, instituted by James R. Hughes against T. O. Wright and many others, in which his title was specially pleaded; and he has appealed from a judgment sustaining a special exception to his petition invoking the four year statute of limitation, and also sustaining defendant's general demurrer and dismissing the suit after plaintiff declined to amend.

The property sued for was an undivided ⅛th interest in a tract of 86 acres out of the Juan Barber Survey, in Smith County, Texas.

■ As against the general demurrer and the special exception presenting the defense of limitation, the allegations in the petition must, of course, be accepted as true, and the material, pertinent facts will be summarized as follows.

Plaintiff is the son of J. A. Hughes, deceased, and his surviving wife, Nancy Elizabeth Hughes; by a judgment of the District Court of Smith County, Texas, in a partition suit, rendered in February, 1914, after the death of J. A. Hughes, plaintiff's father, an undivided ⅛th interest in the 86 acres in controversy was set apart to plaintiff and the other undivided ⅞ths interest was set apart to his brothers and sisters, free of any interest therein in their mother, Nancy Elizabeth Hughes, to whom was awarded other lands. The 86 acres was the homestead of J. A. Hughes and wife, and his surviving widow continued to reside on it, as such, until the year 1925, when they removed to Harrison County. The ⅞ths interest in the tract decreed to plaintiff's brothers and sisters, is now owned by T. O. Wright and divers and sundry other parties claiming title under him, all of whom were made parties defendant to the suit.

After the partition decree, T. O. Wright, who was an educated business man, residing in Tyler, Smith County, acted as a friendly advisor of plaintiff's mother, who was frail in health, uneducated and ignorant of her rights, and easily influenced and intimidated, in matters relating to the welfare of herself and family.

On October 16th, 1926, Wright acquired a deed from all of plaintiff's brothers and sisters to their said ⅞ths interest in the 86 acres, with the understanding he would pay them the agreed consideration therefor whenever the plaintiff also signed the deed, which he refused to sign. At that time plaintiff was 19 years of age and residing in Harrison County. In order to get a binding deed from him, Wright, in conjunction with other persons aiding him therein, fraudulently induced plaintiff's mother to bring him into Tyler, in

Smith County, and there procure an order of the District Court of Smith County removing plaintiff's disabilities of minority.

In furtherance of that fraudulent purpose, after that decree was entered, Wright induced plaintiff to execute to him a warranty deed of conveyance to his undivided ⅛th interest in the 86 acres in controversy, acknowledging full consideration paid, with no reservation of a vendor's lien, for which Wright paid him no consideration. That deed was dated November 27th, 1926. At that time plaintiff was illiterate and ignorant of his legal rights, and before he executed it, Wright informed him that he would not pay his brothers and sisters any consideration unless he did sign it, and plaintiff's older brother, Judson Hughes, who exercised control over him, at the same time and in Wright's presence, threatened to thrash him if he did not execute it, all of which, together with the fraud theretofore practiced by Wright, was the inducing cause of his executing that deed.

When the court heard the application to remove disabilities, no evidence was offered to prove plaintiff's residence or that it was to his advantage to have his disabilities removed, nor did the application for such removal state the facts required by law to confer jurisdiction upon the trial court to make the order.

Plaintiff reached the age of 21 years on January 5th, 1929. He did not know of his right to disaffirm the deed until early in 1931, at which time Wright attempted to get a quitclaim deed from him, which he refused to give. At that time plaintiff notified Wright of his disaffirmance of the deed.

On March 7th, 1931, plaintiff filed a suit against Wright in the District Court of Smith County, in trespass to try title to recover the title he had theretofore conveyed by deed, which suit was dismissed by him during the June term, 1931, of court.

On May 17th, 1931, plaintiff executed a deed to R. T. Jones, conveying ½ of his ⅛th interest in the 86 acres, which Jones later reconveyed to him.

In the early part of 1931, Wright platted and subdivided the entire 86 acres into blocks, and thereafter executed oil leases to divers persons to various portions of the subdivision, all of whom acquired such leases with notice of plaintiff's claim of title.

On May 29th, 1931, plaintiff sold a portion of his interest in one block of Wright's subdivision.

Wright and his co-defendants now claim title under plaintiff's deed to Wright, as above noted.

Plaintiff attacked the order removing his disabilities as a minor, on allegations that the same was void, for lack of jurisdiction of him in that at the time of that proceeding, he was a resident of Harrison County and not of Smith County, and on the further ground that it was procured by fraud on the part of T. O. Wright, in the manner above indicated.

He instituted this suit in December, 1936, which was nearly eight years after he reached the age of majority and over six years after he took steps to disaffirm his deed, by notice to Wright, and his first suit to cancel his deed, which was later dismissed.

Following are propositions submitted in plaintiff's briefs, on which a reversal of the judgment is sought:

"1. Plaintiff's petition alleging that T. O. Wright procured the execution of said deed to him by plaintiff by the exercise of fraud, intimidation and co-ercion practiced upon plaintiff by said Wright, the court erred in failing and refusing to hold that, as a matter of law, the plaintiff had the superior equitable title to said land.

"2. Plaintiff's petition alleging that T. O. Wright procured the execution of said deed to him by plaintiff without the payment of any consideration therefor, the court erred in failing and refusing to find that, as a matter of law, the plaintiff had the superior equitable title to said land.

"3. The court erred in holding that in order for plaintiff to recover the land conveyed by him to defendant, through fraud, intimidation and coercion and without consideration, it was necessary for plaintiff to first vacate, set aside and annul said deed so executed by him to Wright.

"4. In a suit to impress land with a constructive trust, only statute of limitations pertaining to actions to recover real estate are applicable.

"5. Plaintiff's suit not being to cancel, set aside or annul the deed executed by him to T. O. Wright, but is an action to recover the land by engrafting a trust on

the deed so executed by him to said Wright, the court erred in holding that said suit was barred by the four-year statute of limitations."

The order removing plaintiff's disabilities of minority is set out in his petition. It was made by the District Court of competent jurisdiction and is regular on its face and was not subject to the collateral attack made in plaintiff's petition. 25 Tex.Jur., sect. 250, p. 678.

Furthermore, his attempt to set it aside was clearly barred by limitation, the running of which began when he attained his majority, on January 5th, 1929.

Plaintiff's deed to Wright, even though procured by fraud or under duress, was not void, but voidable only. He could not recover title until it was set aside. And his action to annul it ancillary to his suit for title, was barred by four years limitation, fixed by Art. 5529, Vernon's Rev.Civ.St. Williams v. Sapieha, 94 Tex. 430, 61 S.W. 115; Niell v. Pure Oil Co., Tex.Civ.App., 101 S.W.2d 402, writ of error refused; Kinnear v. Tolbert, Tex. Civ.App., 262 S.W. 900; Deaton v. Rush, 113 Tex. 176, 252 S.W. 1025; Thomason v. McIntyre, 113 Tex. 220, 254 S.W. 315; Chicago T. & M. C. Ry. Co. v. Titterington, 84 Tex. 218, 225, 19 S.W. 472, 31 Am.St.Rep. 39.

Nor is there merit in the theory announced in plaintiff's petition and briefs here that, Wright having acquired the deed from plaintiff through fraud and coercion, and without payment of consideration therefor, a trust was created, by implication, by reason of which he held title as trustee for plaintiff's benefit and therefore is estopped to invoke the statute of limitation urged by defendants, because it is well settled that an implied trust is within the statute of limitation after it has been repudiated by the trustee, with notice thereof to the cestui que trust, as was true in this case. Kennedy v. Baker, 59 Tex. 150; Cole v. Noble, 63 Tex. 432; Jewell v. Hart, Tex.Civ.App., 244 S.W. 827, 828, and cases cited.

The decisions in Redwine v. Coleman, Texarkana Court of Civil Appeals, 71 S. W.2d 921, writ of error refused; Hand v. Errington, Tex.Com.App., 242 S.W. 722; Id., Tex.Com.App., 248 S.W. 25; Carl v. Settegast, 237 S.W. 238 (opinion by Commission of Appeals expressly approved by Supreme Court), and others cited, such as Stafford v. Stafford, 96 Tex. 106, 70 S.W. 75, which are urged by appellant, are not in conflict with our foregoing conclusion.

Those were suits in trespass to try title, and plaintiffs recovered because their equitable titles were superior to legal titles held by defendants. As shown in those cases, plaintiffs acquired their titles under the doctrine of resulting trusts, discussed in 42 Tex.Jur., beginning on page 635, by furnishing to purchasers taking title in their own names the consideration paid.

We quote the following from Sect. 36, page 637, of that volume:

"The Supreme Court long ago announced the settled rule that 'Where one buys land with the money of another and takes the deed in his own name, a trust results in favor of the person whose money was employed in making the purchase. The latter is the equitable owner of the land, and the purchaser is a mere trustee and holds for the benefit of him who paid the purchase money.'

"While a court of law looks only to legal ownership according to the deeds evidencing title from the common source, equity keeps its eye on the consideration that passed and protects the party who furnished it. In other words, the beneficial estate follows the consideration and attaches to the person from whom it came. Where only part of the purchase money was contributed by the person whose name does not appear in the deed, his ownership extends to the proportion that his contribution bears to the total price.

"It is not necessary to inquire whether the person who took title to the property in his own name acted in good faith and with the honest purpose of protecting the interests of all. It is assumed that he so acted, and, on this assumption, equity proceeds to charge the legal owner with a trust to the extent that the purchase-money was furnished by another person."

In those cases the only question was as to the comparative strength of plaintiffs' equitable titles and defendants' legal titles, and by reason thereof the general statutes of limitation of suits to recover title to land were alone applicable. But it was further recognized in Redwine v. Coleman, supra; Stafford v. Stafford, 96 Tex. 106, 70 S.W. 75; Carl v. Settegast, supra, and others, that had it been necessary for plaintiff to set aside some deed or instrument in order to establish his

title, then the four years statute of limitation fixed by Article 5529, Rev.St., would have been applicable to his action to accomplish that result.

Plaintiff having alleged in his petition that he executed to T. O. Wright a warranty deed to his interest in the 86 acres in controversy, reciting full consideration paid, with no vendor's lien reserved, and his action to cancel that deed being barred by limitation, the deed is binding on him and is a bar to his recovery.

Accordingly, the judgment of the trial court, sustaining the defense of limitation, and also the general demurrer to plaintiff's petition as a whole, and dismissing his suit after he declined to amend, is in all things affirmed.