**A. J. Jack GOODWIN, Appellant,**

v.

**CITY OF DALLAS, Appellee.**

**No. 5261.**

Court of Civil Appeals of Texas, Waco.

June 21, 1973.

English, Deatherage & Boyle, Power & Ashley, Irving, for appellant.

N. Alex Bickley, City Atty., Ken Dippel, Asst. City Atty., Mary Leigh Bartlett, Dallas, for appellee.

HALL, Justice.

Plaintiff appeals from a summary judgment that he take nothing in an action against the City of Dallas to cancel a deed. We affirm.

Plaintiff filed this suit in March, 1972. He pleaded that in 1962 he owned the fee simple title to a certain tract of land situated in the City of Dallas; that in that year he executed a deed conveying an easement for street purposes over said tract to the City of Dallas; that the deed was not executed of his free will; that he was coerced into executing the easement by the refusal of the City to issue a building permit to him on other property unless he gave the street easement; that there was no consideration for the conveyance; and that he still owns the tract. He prayed that the deed "be declared absolutely void" and that he "have judgment for the full title and full possession of the tract."

City answered with a general denial and an affirmative plea of the four-year statute of limitation, Article 5529, Vernon's Ann.Tex.Civ.St. City asserted in its motion for summary judgment, which is supported with the affidavit of its secretary and exhibits, that plaintiff's suit is one for cancellation of the deed and is barred by the provisions of Article 5529.

There is no dispute in the facts. Plaintiff executed the deed in question under the circumstances set forth in his petition, and delivered it to the City in 1962. The deed is otherwise regular.

Plaintiff contends that the lack of consideration for the deed, and the want of his free consent in its execution because of coercion, render the deed void; and asserts that this lawsuit is one in trespass to try title to which the four-year statute of limitation has no application.

"The rule has long been established in this State that where a deed is absolutely void, a suit at law in trespass to try title may be maintained to recover the land without setting the deed aside, and the statutes of limitation governing actions for the recovery of land apply. On the other hand, where a deed is merely voidable and the equity powers of the court must first be invoked to cancel the deed before a suit can be maintained at law to recover the land, then the four-year statute, Art. 5529, R.C.S. 1925, controls." Slaughter v. Qualls, 139 Tex. 340, 162 S.W.2d 671, 674 (1942).

A deed procured without consideration and without the free consent of the grantor because of duress, but which is otherwise regular and is delivered, is, as between the parties thereto, voidable only and not void. Cook v. Moore, 39 Tex. 255, 261 (1873); Kinnear v. Tolbert, (Tex.Civ. App., 1924, writ dism.) 262 S.W. 900, 901; Hughes v. Wright, (Tex.Civ.App., 1939, no writ hist.) 127 S.W.2d 215, 218; Rumfield v. Rumfield, (Tex.Civ.App., 1959, writ ref., n. r. e.) 324 S.W.2d 304, 306. As a voidable deed, it effectually accomplishes the thing sought to be accomplished, until annulled in a suit brought for that purpose. Neill v. Pure Oil Co., (Tex.Civ.App., 1937, writ ref.) 101 S.W.2d 402, 404.

Plaintiff's deed to City is an impediment to his suit in trespass to try title, until set aside. Deaton v. Rush, 113 Tex. 176, 252 S.W. 1025, 1031 (1923); Hughes v. Wright, supra. His present action rests upon an alleged equitable title, and invokes the equity powers of the court for cancellation of the deed. It is, therefore, barred by the four-year statute of limitation.

The judgment is affirmed.