ACCEPTED
06-15-00030-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
12/2/2015 2:57:36 PM
DEBBIE AUTREY
CLERK

## NO. 06-15-00030-CV

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
12/2/2015 2:57:36 PM
DEBBIE AUTREY
Clerk

# IN THE SIXTH DISTRICT COURT OF APPEALS AT TEXARKANA, TEXAS

LETA YORK

Appellant,

v.

TODD BOATMAN

Appellee.

ON APPEAL FROM THE 62ND JUDICIAL DISTRICT COURT,
HOPKINS COUNTY, TEXAS
CAUSE NO. CV 414000, THE HONORABLE WILL BIARD, PRESIDING

**APPELLEE'S BRIEF**

Larry A. Powers
Powers & Blount
P.O. Box 877
Sulphur Springs, Tx 75483

ATTORNEY FOR APPELLEE

APPELLEE'S BRIEF      i      . 06-15-00030-CV

## IDENTITY OF PARTIES AND COUNSEL

Appellant/Plaintiff                                    Appellee/Defendant

Leta York                                              Todd Boatman

### Trial and Appellate Counsel

Phil Smith                                             Larry A. Powers
300 Oak Ave.                                           P.O. Box 877
Sulphur Springs, Tx 75482                              Sulphur Springs, Tx 75483
903.439.3000                                           903.885.6506
903.439.3110 (fax)                                     903.885.1199 (fax)
Psmith300@hotmail.com                                  pb4us@yahoo.com

## <u>TABLE OF CONTENTS</u>

IDENTITY OF PARTIES AND COUNSEL……………………………………….. ii

TABLE OF CONTENTS…………………………………………………… iii

INDEX OF AUTHORITIES…………………………………………………… iv

    I.      STATEMENT OF FACTS……..……………………………………. 1

    II.   SUMMARY OF ARGUMENT…………………………………………. 3

    III.  REPLY ARGUMENT POINT ONE….……………………………… 4

    IV.  REPLY ARGUMENT POINT TWO…..……………………………….. 6

    V.   REPLY ARGUMENT POINT THREE…...…………………………….. 7

    VI.  CONCLUSION…………………………………………………….. 9

    VII. PRAYER……………………………………………………… 9

    VIII. CERTIFICATE OF SERVICE…………………………………….. 10

# INDEX OF AUTHORITIES

**PAGE**

Burgess v. Easley, 893 S.W.2d 87 (Tex App – Dallas 1994, no writ)     5

Davis v. Zeanon, 111 S.W.2d 772 (Tex Civ. App – Waco 1937, writ ref'd)     4

Geldard v. Watson, 214 S.W.3d 202, 207 (Tex. App-Texarkana 2007, no pet.)     4

Hand v. Evrington, 242 S.W. 722 (Tex. Com. App 1922, opinion adopted) …….     9

Hughes v. Wright, 127 S.W.2d 215, 218 (Tex. Civ. App. – Waco 1939, no writ)     8

Landram v. Robertson, 195 S.W.2d 170 (Tex. Civ. App. – San Antonio 1946, writ ref'd n.r.e.)  9

Richardson v. Laney, 911 S.W.2d 489 (Tex. App. – Texarkana 1995, no pet.) .     5

Woodworth v. Cortz, 660 S.W.2d 561 (Tex. App. – San Antonio 1983, writ ref'd n.r.e.)     4

# RULES AND STATUTES

Tex. Civ. Prac. & Rem. Code-Section 16.051     8

Tex. Civ. Prac. & Rem. Code-Section 16.025     8

Tex. Civ. Prac. & Rem. Code-Section  16.026     8

## STATEMENT OF FACTS

This is a declaratory action, not a trespass to title action, brought by Appellant to declare void a deed given by Appellant to her daughter, Gwendolyn Boatman to 153.185 aces in Hopkins County, Texas. In the alternative, Appellant seeks to impose a constructive trust on 153.185 acres for the benefit of Appellant.

The trial Court granted judgment in favor of Appellee, who is the grandson of Appellant and the son of Gwendolyn Boatman, of holding that legal title to the 153.185 acres vested in Appellee subject to an equitable life estate in Appellant to 4 acres of land upon which Appellant resides.

In 1967, Appellant and her husband Henry York were conveyed a life estate in 4 acres which is a part of the 153.185 acres, by Appellant's parents, W. L. Smith and Donnie Smith. Gwendolyn Boatman is named as the remainderman, in fee simple.

In 1985 after the death of her parents, Appellant received a partition deed to 153.185 acres conveying fee simple title to Appellant. There were no reservation or exception contained in this deed. The 153.185 acres included the 4 acres mentioned above.

By general warranty deed dated August 10, 1995, Appellant conveyed the 153.185 acres to her daughter, Gwendolyn Boatman. The conveyance was subject to the homestead/life estate interest of Henry A. York who did not join in the deed. Henry York died on August 22, 1995, thereby extinguishing his homestead/life estate interest.

Shortly after the death of Henry A. York, Gwendolyn Boatman informed Appellant that she claimed ownership of the 153.185 acres by reason of the August 10, 1995 deed and refused Appellant's request to convey the 153.185 acres to Appellant.

After the date of the August 10, 1995, Gwendolyn Boatman exercised all the right of title and ownership to the 153.185 acres up until the time of her death. Gwendolyn Boatman occupied the property, paid the ad valorem taxes on the property, claimed a homestead exemption on the property and utilized the property in her cattle operation.

In 2004 and 2005 Gwendolyn Boatman again informed Appellant, that she claimed ownership of the 153.185 acres and Appellant took no action to dispute this claim.

Gwendolyn Boatman died on April 22, 2012 leaving a will naming Appellee as the sole beneficiary of her estate which included the 153.185 acres. Gwendolyn Boatman's will was admitted to probate on June 12, 2012.

**SUMMARY OF ARGUMENT**

REPLY TO POINT ONE - The 1995 Deed from Appellant to Gwendolyn Boatman was clear on its face as a conveyance of Appellant's present interest in the 153.185 acres. There were no restrictions or exception in the 1995 Deed evidencing that any of Appellant's interest were to take place in the future.

REPLY TO POINT TWO – The record clearly supports the Court's Finding of Facts and Conclusions of Law.

REPLY TO POINT THREE – Gwendolyn Boatman, Appellee's predecessor in interest clearly repudiated any trust/agreement both verbally in 1995 and in the subsequent interpleader litigation in 2004 – 2005.

REPLY TO APPELLANS POINT ONE

- Appellant argues that the 1995 Deed from Appellant to Gwendolyn Boatman was not valid because it was not a gift of a present interest, due to the fact that the 1995 Deed failed to exclude the prior life estate interest or the homestead interest of Appellant's husband, Henry A. York.

  The 1995 Deed is clear on its face that Appellant was conveying her fee simple title in the 153.185 acres to Gwendolyn Boatman. There are no reservations or exceptions noted in the Deed.

  At the time of the 1995 Deed, Appellant owned the full fee simple title to 153.185 acres. Appellant was free to convey fee simple title to Gwendolyn Boatman subject to the life estate and homestead interest of her husband. The 1995 Deed was a clear conveyance of the present interest of Appellant. There is no indication in the 1995 Deed that Appellant was not conveying all of her present right title and interest in the 153.185 acres, or that there was any of Appellant's interest which would take place in the future. _Davis v. Zeanon, 111 S.W.2d 772 (Tex. Civ. App. – Waco 1937, writ ref'd)_; _Woodworth v. Cortz 660 S.W.2d 561 (Tex. App. – San Antonio 1983, writ ref'd n.r.e.)_

  The life estate and homestead interest of Appellant's husband were extinguished upon his death on August 22, 1995, some twelve (12) days after the conveyance. _Geldard v. Watson 214 S.W.3d 202, 207 (Tex. App-Texarkana 2007,no pet.)._

- Appellant argues that there was no donative intent on her part since the purpose of the conveyance was to "protect the property from government" in the event her husband received government benefits subject to reimbursement from Appellant's property. Assuming that this scheme is true, in order for Appellant to accomplish this goal it was

necessary for her to make a valid conveyance to Gwendolyn Boatman. That is Appellant had to intend the conveyance as a <u>gift</u> of Appellant's interest to her daughter, Gwendolyn Boatman. The evidence on the purpose of the conveyance is at best unclear. It was incumbent on Appellant to prove by clear and convincing evidence the lack of donative intent <u>*Richardson v. Laney*</u>, *911 S.W.2d 489 (Tex. App. – Texarkana 1995,no pet.).* The Court as the trier of fact did not find Appellant lack donative intent with regard to the 1995 Deed or that it was not to take effect upon execution and delivery to Gwendolyn Boatman. The trial found that the August, 1995 Deed was valid. (Clerk's file p 223) What is clear, is that Appellant intended to divest herself of title to the 153.185 acres by reason of the 1995 Deed. <u>*Burgess v. Easley*</u> *893 S.W. 2d 87 (Tex App – Dallas 1994, no writ)*

- Appellant argues that the 1995 Deed was ineffective because Gwendolyn Boatman did not take immediate possession of the 153.185 acres. Gwendolyn Boatman accepted and recorded the 1995 Deed. The Court as the trier of fact found that Gwendolyn Boatman had exercised all of the rights of title and ownership since the 1995 Deed until her death. (Clerk's file p. 223). As noted above Gwendolyn Boatman occupied the 153.185 acres, paid the ad valorem taxes on the 153.185 acres, claimed a homestead exemption to the 153.185 acres and utilized the 153.185 acres in her cattle operation. (RR2 p. 224 Ln 12 to p. 225 Ln 2; p. 226 Ln 10 – 18; p. 231 Ln 12 to p. 232 Ln 16; RR3 Ex. 19 p. 218; Ex. 20 p. 219 – 229; Ex. 21 p. 235 Ln 25 to p. 236 Ln 9)

- Regardless of whether the 1995 Deed was a gift or for some other purpose, it was incumbent on Appellant to overcome the 1995 Deed which was clear on its face as a

conveyance of the 153.185 acres. The Court as the trier of fact was unconvinced by Appellant's testimony and evidence as to Appellants other purposes or intentions.

REPLY TO APPELLANS POINT TWO

- Appellant argues that there is not evidence or insufficient evidence as follows:

Finding of Fact #3

The record reflects that Henry A. York died on August 22, 1995, according to Appellant's Affidavit. (Clerk's file page 161)

- Finding of Fact #4 & 5

The recitation in the Court's Finding of Fact and Conclusion of Law regarding the August 1995 deed is an obvious clerical error stating the date of the 1995 Deed to be August 8, 1995 rather than August 10, 1995. The parties agree the 1995 Deed was August 10, 1995, and the evidence supports this fact.

- Finding of Fact #6

Shortly after the death of Gwendolyn Boatman, Appellee occupied the 153.185 acres as his homestead, made improvements to the 153.185 acres and utilized the 153.185 acres for his cattle operation. (RR2 p. 218 Ln 19 to p. 219 Ln 1; p. 221, Ln 21to p. 222 Ln 5; p. 224 Ln 24 to p. 225 Ln 2; p. 247 Ln 17)(RR3 Ex. 20 p. 237 – 229)

REPLY TO APPELLANS POINT THREE

Appellant argues that the 1995 Deed if valid, was intended to be held by Gwendolyn Boatman in trust for her benefit. Even if this position is assumed to be correct, there was a clear repudiation of the trust/agreement by Gwendolyn Boatman in 1995 and again in 2004 – 2005.

- In Appellant's deposition she admitted that Gwendolyn Boatman had refused to deed the 153.185 acres back to Appellant, shortly after the death of her husband on August 22, 1995. (RR 3 – Ex. 21 p. 231 Ln 21 to p. 232 Ln 5). Further Appellant testified that she did not know what the handwritten notes meaning was with regard to the 1995 Deed.

- In 2004 Appellant attempted to recover a gift Deed to the 153.185 acres through her attorney, Lanny Ramsay. Gwendolyn Boatman had executed and delivered to her attorney Jay Garrett the gift Deed which was held in escrow and never delivered. Gwendolyn Boatman was at the time of the gift Deed facing surgery for breast cancer and a divorce proceeding and the clear intention of Gwendolyn Boatman was the gift Deed would only take effect if she did not survive her breast cancer treatments. Gwendolyn Boatman repudiated the gift Deed and requested its return to her. Gwendolyn Boatman further filed a recession of the gift Deed with the Hopkins County Clerk. Subsequently, Jay Garret filed an interpleader action placing the gift Deed in the registry of the Court. The Court ordered the gift Deed be returned to Gwendolyn Boatman (RR3 – Ex 9 – 16 p. 186 - 199)

The foregoing is clear repudiation of Appellant's claim that the 153.185 was held by Gwendolyn Boatman for the benefit of Appellant. On neither occasion in 1995 or 2005 did Appellant take any action to recover title to the 153.185 acres, in spite of the clear repudiation of any trust/agreement. It was only after Gwendolyn Boatman's death in

2012, that Appellant filed this lawsuit some eighteen (18) years after she had conveyed the 153.185 acres to Gwendolyn Boatman.

Clearly, Appellant was on notice that Gwendolyn Boatman was claiming title to the 153.185 acres regardless of any alleged agreement to reconvey the 153.185 acres to Appellant (RR3 – Exs 9 – 16; 21)

Appellant's cause of action for the imposition of a constructive trust are barred by the applicable statutes of limitation.  Section 16.051 Tex. Civ. Prac. & Rem. Code; Section 16.025 Tex. Civ. Prac. Rem. Code and Section 16.026 Tex. Civ. Prac. Rem. Code *Hughes v. Wright* 127 S.W.2d 215, 218 (Tex. Civ. App. – Waco 1939, no writ); *Landram v. Robertson* 195 S.W.2d 170 (Tex. Civ. App. – San Antonio 1946, writ ref'd  n.r.e.) and *Hand v. Evrington* 242 S.W. 722 (Tex. Com. App 1922, opinion adopted)

## CONCLUSION

WHEREFORE, Premises Considered, Appellee prays:

- The 1995 conveyance was valid regardless of the Appellant's intent.

- The evidence clearly supports the Court's Findings of Fact and Conclusions of Law.

- The corroborative witnesses of Appellant were not credible

- Appellant's cause of action for a constructive trust were barred by the statute of limitations.

## PRAYER

Appellee, requests that this Court affirm the ruling of the trial court.  Appellee requests all other relief to which it may be entitled.

Respectfully submitted,

Powers & Blount, LLP

By:  /s/Larry A. Powers
Larry A. Powers
Texas Bar No. 16218500
P.O. Box 877
200 Jackson St.
Sulphur Springs, Tx 75483
Tel. (903) 885-6506
Fax. (903) 885-1199
Email: pb4us@yahoo.com
Attorney for Appellee

CERTIFICATION OF SERVICE

I hereby certify that a true and correct copy of the foregoing Appellee's Brief was served on Phil Smith, 300 Oak Ave., Sulphur Springs, Texas 75482, counsel of record for Appellant in the above entitled and numbered cause this the 2nd day of December, 2015, in the following manner:

_____ Via Facsimile

_____ Via Certified Mail, Return Receipt Requested _____

  X   Via First Class Mail

_____ Via Hand Delivery

  X   Via E-mail psmith300@hotmail.com

/s/Larry A. Powers

_____

LARRY A. POWERS